### D. Gibson v. The State.

#### No. 1975.   Decided June 26, 1912.

**1.—Forgery—Bill of Exceptions—Filing—Statutes Construed.**

Under section 7, chapter 119, Act of the Thirty-Second Legislature, it is provided that if the term of court may by law continue more than eight weeks, bills of exception shall be filed within thirty days after final judgment shall be rendered, unless further time is granted by the court by an order entered of record, and where there was no such order and the bill was filed more than thirty days after the date of entry of final judgment, the same could not be considered on appeal.

**2.—Same—Charge of Court—Principals.**

Where, upon trial of forgery, the evidence raised the issue of principals, the court correctly submitted a charge thereon.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of forgery, the evidence sustained the conviction under a proper charge of the court, there was no error.

**4.—Same—Newly Discovered Evidence—Imputing Crime to Another.**

Where the alleged newly discovered evidence was not material to any issue in the case, and the alleged testimony imputing the offense to another was not properly connected up, there was no error in overruling the motion.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The State's testimony shows that the defendant, in company with two other negroes, entered the prosecutor's store, and that the defendant offered to buy a pair of pants from prosecutor and gave him a check for $14.35 in payment thereof; that this check was payable to Sam Jackson on the American Exchange National Bank of Dallas, and was signed Al Poe; that defendant said he was Sam Jackson and had been working for Poe, and when asked by prosecutor what his boss did, answered he did not know, but that the check was all right; that prosecutor picked up the phone to call up the man Poe; that the negro that was with defendant said the check was all right; that when prosecutor started to phone, the defendant said if he was doubtful about the check to give it back to him and he would keep it; that prosecutor refused to return the check to defendant and tried to get Mr. Poe over the phone, and that then both negroes ran, but that prosecutor caught defendant and held him until the chief of police came along and he turned defendant over to him and also gave him the check.

· The witness Al Poe testified that he did not know the defendant; that he never worked for him; that he did not know Sam Jackson and never gave Sam Jackson a check; that he never made the check alleged in the indictment and never authorized anyone to make it for · him.

The State proved that the original check was lost and introduced a copy thereof. The prosecutor fully identified the defendant as the man who handed him the check, etc.

The defendant's testimony was that another negro by the name of Will, with whom he and another negro went to prosecutor's store, passed the check and that he had nothing to do with it, etc.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.—On question of filing bill of exceptions: Conturie v. Crespi, 131 S. W. Rep., 403.

On question of newly discovered evidence: Terry v. State, 3 Texas Crim. App., 236; Hickman v. State, 25 S. W. Rep., 126.

On question of charge of principals: Houston v. State, 47 S. W. Rep., 468.

HARPER, JUDGE.—Appellant was convicted of forgery and has appealed to this court, assigning several grounds in his motion for new trial. The term of court at which appellant was tried convened on the 1st day of January and adjourned on March 30, lasting more than eight weeks. He was tried on February 14, and his motion for new trial was overruled on March 16, and sentence passed on him on that day. There is no order in the record extending the time in which to file bill of exceptions, and the only bill in the record was

not approved nor filed within thirty days from the date of overruling the motion for new trial and sentence passed. Section 7, of chapter 119, Act of the Thirty-Second Legislature, provides if the term of court may by law continue more than eight weeks the bill of exceptions shall be filed within thirty days after final judgment shall be rendered, unless further time is granted by the court by an order entered of record. There being no order in the transcript extending the time, and the bill being filed more than thirty days after the date of entry of final judgment, we are not authorized to consider the bill. Counsel should carefully notice the provisions of this section of that law, because we are circumscribed and bound thereby, and it providing different rules, based on the length of the terms of court, one should be careful to bring himself within the rule prescribed.

The court did not err in charging on the law of principals under the evidence in the case, and it is not attempted to point out any error in the charge, if any there be.

The evidence fully supports the verdict, when we take into consideration all the facts and circumstances in evidence, and the court gave a full and complete charge on circumstantial evidence.

The only other ground in the motion alleges newly discovered evidence. The newly discovered evidence alleged is that Sam Jackson had been indicted a number of times in Dallas County, charging him with forgery, and as this order that is alleged to be forged was payable to Sam Jackson, the fact that these indictments had been returned against him would be admissible on the issue of who forged the check in this case. As it is not alleged nor sought to be proven that appellant received his order from Sam Jackson, or had ever met the said Sam Jackson, who had been indicted in the other cases, such testimony would be of no aid to him in this case. Had he alleged he received this order from the said Jackson who had been indicted in the other case, the holding might be different. But as it is not sought to make any connection between that person and the order in this case, the evidence would not be material to any issue in this case.

The judgment is affirmed.

*Affirmed.*