### Eusebio Guerra v. The State.

#### No. 4290. Decided November 22, 1916.

**1.—Seduction—Juror Under Age—Practice on Appeal—Presumption.**

Where the testimony heard on motion for new trial with reference to the question that one of the jurors was under age, was not filed during the term of the court, but some weeks after it adjourned, the same can not be considered on appeal, and this court must presume that the trial court's action was sustained by the facts. Following Black v. State, 41 Texas Crim. Rep., 185, and other cases.

**2.—Same—Incompetent Juror—Rule Stated.**

A new trial should not be granted for the incompetency of one of the jurors by whom the case was tried when it is not shown that this incompetency was not known when the juror was accepted, or that it could have been known by proper inquiry. Following Trueblood v. State, 1 Texas Crim. App., 650, and other cases; besides, no injury resulted, and if the statement of facts were considered, there was no error in the court's refusal to grant a new trial.

Appeal from the District Court of Starr. Tried below before the Hon. V. W. Taylor.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. Oosterveen* and *Canales & Daney,* for appellant.—On question of incompetency of juror by reason of non-age: Leeper v. State, 29 Texas Crim. App., 63; Tyrone v. State, 77 Texas Crim. Rep., 493, 180 S. W. Rep., 125; Bundick v. State, 127 S. W. Rep., 543; Rice v. State, 52 Texas Crim. Rep., 359.

*C. C. McDonald.* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted of seduction and assessed the lowest punishment.

The sole question in the case is whether the court should have granted him a new trial because after the trial, in a motion for new trial one of the jurors was alleged to be under twenty-one years of age.

The record shows that the court heard evidence on this question in passing upon the motion for new trial. There is at the end of the statement of facts herein on the trial of the case what purports to be the testimony heard by the court on this motion. It was filed, not in term time, but weeks after the court had adjourned. Under such circumstances the uniform holding of this court in a long line of decisions is that this court can not consider such a purported statement of facts. Black v. State, 41 Texas Crim. Rep., 185; Reinhard v. State, 52 Texas Crim. Rep., 59; Jarrett v. State, 55 Texas Crim. Rep., 550; Mikel v. State, 43 Texas Crim. Rep., 615; Williams v. State, 56 Texas Crim. Rep., 225; Probest v. State, 60 Texas Crim. Rep., 608; Tarlton v. State, 62 S. W. Rep., 748; Knight v. State, 66 Texas Crim. Rep., 335, 144 S. W. Rep., 967; Bailey v. State, 65 Texas Crim. Rep., 1, 144 S. W. Rep., 996. See also Jordan v. State, 10 Texas, 479; Sharp v. State, 6 Texas Crim. App., 650; Graham v. State, 73 Texas Crim. Rep., 28; Ethridge v. State, 74 Texas Crim. Rep., 635; Sorrell v. State, 79 Texas Crim. Rep., 437, 186 S. W. Rep., 336, and a large number of other cases unnecessary to collate. This court must presume, and always does, that where such evidence is not brought to this court properly, the facts heard on the motion sustain the court's action.

Further, the rule is as stated by the Supreme Court in Roseborough v. State, 43 Texas, 570, that a new trial should not be granted for the incompetency of one of the jurors by whom the case was tried when it is not shown that the incompetency was not known when the juror was accepted, or that it could have been known by proper inquiry. Trueblood v. State, 1 Texas Crim. App., 650; O'Mealy v. State, 1 Texas Crim. App., 180; Brill v. State, 1 Texas Crim. App., 572; 2 Gra. & Wat. on New Trial, 764; 6 Crim. L. Mag., 334. And as added by these authorities to the rule above stated, an appellant must show injury has resulted to him by reason of the claimed disqualification of the juror.

Notwithstanding we can not properly consider the purported evidence heard by the trial judge on the motion for a new trial, yet we have read the said testimony at the end of the statement of facts. The juror who was claimed to be under age testified that he lived in the town which was the county seat of the county where the trial was had, and was a school teacher, and had taught school therein two years. That he had known one of appellant's attorneys, who, it seems, also lived in said town, for seven years and had gone to school with him; and he further swore that he knew about the age of this attorney, and that this attorney probably knew about his age. Neither this attorney nor any of appellant's other attorneys, nor did appellant himself, testify that they did not know appellant's age at the time they took him on the jury, and the record discloses that he was not asked his age by appellant, or any of his attorneys at the time he was taken on the jury,—the juror stating, however, that he didn't hear the question propounded by the court, asking whether or not he was a qualified voter

and juror.  No intimation is shown in the record that any injury resulted to appellant by reason of his taking said juror on the jury further than the mere fact that they claimed that he was not qualified as a juror because of his age.  So that in any contingency, the court's action in refusing a new trial was correct.

The judgment is affirmed.

*Affirmed.*

HARPER, JUDGE, absent.