### MARIANO LIMON v. THE STATE.

No. 4360.   Decided February 14, 1917.

**1.—Murder—Manslaughter—Bills of Exception.**

Where the bills of exception were not filed within thirty days allowed by law, or within the additional time allowed by the order of court in a felony case, they must be struck from the record and can not be considered.

**2.—Same—Misconduct of Jury—Practice on Appeal.**

In the absence of the evidence in the record on appeal heard on motion for new trial alleging misconduct of the jury, it must be presumed that the evidence was amply sufficient to sustain the action of the court in overruling the motion. Following Guerra v. State, 80 Texas Crim. Rep., 328, 189 S. W. Rep., 952.

Appeal from the District Court of Nueces. Tried below before the Hon. W. B. Hopkins.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Upon a trial under an indictment charging murder appellant was convicted of manslaughter.

Under the law, and as a matter of fact, the court in which the conviction was had continued more than eight weeks. Appellant's motion for a new trial was overruled, he was duly sentenced, and he gave

notice of appeal on October 7, 1916, all of which was then and there entered in the minutes of the court. In the order overruling his motion for a new trial the judgment, among other things, is that appellant "asked for and was granted sixty (60) days from and after this day, October 7, 1916, in which to have approved and filed his bills of exception." This is the only order in the record pertaining to when the bills of exception were authorized to be filed.

The statute allows only thirty days after these proceedings when the court under the law can continue longer than eight weeks to file bills of exception without an order. But authorizes the court by order duly entered to grant a longer time. In this instance, as only sixty days were allowed, and the bills were not filed until long after the expiration of that time, the Assistant Attorney General's motion to strike out the bills, and for this court not to consider them, must be, and is, therefore, sustained. The statute, as stated, and the many decisions of this court thereunder have been uniform to the effect that when the bills are not filed within the thirty days allowed by law, or within the additional time allowed by the judgment of the court, they must be struck out, and can not be considered.

Among other grounds in his motion for a new trial appellant alleged misconduct of the jury. The State duly contested this. The record shows that the court heard testimony on it and found against him. The record in no way shows what this evidence was which the court heard and acted upon on this issue. Therefore we must conclude, and do, that the evidence was amply sufficient to sustain the action of the court. This has also all the time been held by this court. See Guerra v. State, 80 Texas Crim. Rep., 328, 189 S. W. Rep., 952, where some of the cases are collated.

There is no other question we can review in the absence of bills of exception. The judgment must, therefore, be and is, affirmed.

*Affirmed.*