## IKE LEWIS v. THE STATE.

### No. 4723. Decided November 28, 1917.

**Murder—Newly Discovered Testimony—Statement of Facts.**

Where the motion for new trial set up newly discovered testimony, and the record showed that the court below heard evidence in overruling said motion, there was no reversible error, in the absence of a statement of facts of the testimony on said motion during term time. Besides, it appears from the record that the alleged newly discovered testimony was known to the defendant before trial and that it could be used only for impeachment purposes.

From the District Court of Ellis. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Tom Whipple,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of newly discovered evidence: Taylor v. State, 75 Texas Crim. Rep., 20, 169 S. W. Rep., 672; White v. State, 76 Texas Crim. Rep., 612, 177 S. W. Rep., 93; Matkins v. State, 33 Texas Crim. Rep., 605.

PRENDERGAST, JUDGE.—Appellant was convicted of murder and assessed the lowest punishment.

The sole question is whether or not the court erred in refusing a new trial on the grounds of claimed newly discovered testimony. This claimed newly discovered testimony was that of Of. G. T. Miller to the effect that he was present at the examining trial of appellant and heard the wife of deceased testify therein; that upon being asked where her two grandsons were when the shooting started, she replied that they were in the room where she was, and that when the shooting started they both ran out of the back door into the back yard and that she did not know where they went.

The judgment of the court shows that in acting upon appellant's motion for new trial the judge heard the evidence and then overruled the motion. What that evidence was is in no way disclosed by the record herein. Doubtless it was amply sufficient of and within itself to show that the court's action in overruling the motion was correct. It has all the time been held by this court that where the record shows that the court heard evidence in ruling upon such motions as this it is incumbent upon the appellant to preserve that evidence and have it filed during term-time in order to authorize this court to pass upon whether the court's action was correct or not. As none of the testimony so heard by the judge is in any way made to appear in this record, this of itself would clearly require this court to hold that the action of the lower court in overruling his motion for new trial was correct. For the

cases on this point see Guerra v. State, 80 Texas Crim. Rep., 328, 189 S. W. Rep., 952; Ethridge v. State, 74 Texas Crim. Rep., 635; Graham v. State, 73 Texas Crim. Rep., 28, and many other cases.

The law on the subject of newly discovered testimony is so well settled that it needs no discussion or citation specially to the authorities now. Even if we could consider this ground without knowing what the testimony was which the judge heard, the record clearly shows that one of appellant's attorneys, who tried this case, was present and represented appellant in said examining trial. Of course, the appellant himself also was then present, and if deceased's wife gave any such testimony therein as claimed, they both must have heard and known of it at the time. So that as a matter of fact it could not have been newly discovered testimony. (Dobson v. State, 65 Texas Crim. Rep., 637.) Moreover, said Miller was subpoenaed and attended this trial as a witness. Powell v. State, 36 Texas Crim. Rep., 377; Halliburton v. State, 34 Texas Crim. Rep., 410; Williams v. State, 45 S. W. Rep., 572. In addition appellant produced and introduced on this trial the whole of the testimony of deceased's wife given on said examining trial. Again, the purported newly discovered testimony even if it could be held to be such, would go solely to the impeachment or contradiction of deceased's wife (Wormley v. State, 65 Texas Crim. Rep., 48, and cases there cited). And again, the question of granting a new trial on this ground is left largely to the discretion of the trial judge. At least this court will not reverse unless appellant shows that the trial court abused its discretion in not granting the new trial (Gray v. State, 65 Texas Crim. Rep., 204, and cases cited). For all of these reasons the action of the court in denying the new trial does not show any error. The rules regarding this subject and the authorities are stated by Judge White in his An. C. C. P., sec. 1149, and cases there cited, and in 1 Branch's An. P. C., secs. 192-205, and it is unnecessary to now state or discuss them.

The judgment is affirmed.

*Affirmed.*