### E. A. DECHERD V. THE STATE.

No. 9763.   Delivered Feb. 3, 1926.

Rehearing denied April 28, 1926.

**1.—Forgery of Vendor's Lien Note—Companion Case.**

This prosecution grew out of the same transaction reflected in cause No. 9762 against the same appellant, this day decided. Disposition of the complaint to the indictment herein is the same as in said cause No. 9762, where the indictment is attacked upon the same grounds, fully set out in the opinion in that case.

**2.—Same—Bills of Exception—Filed Too Late—Cannot Be Considered.**

Where the time granted by the court for the filing of bills of exception expired on June 22nd, bills filed on July 20th thereafter practically a month after the expiration of the time granted, were filed too late, and the motion of the State to strike the bills of exception from the record must be sustained.

ON REHEARING.

**3.—Same—Charge of the Court—Exceptions to—Insufficient.**

Where no bills of exception are before us embracing objections raised to the court's charge, the soundness of such objections depending upon some showing of facts, which might be presented in a bill of exception, the objections made do not disclose any error that would authorize a reversal of the case.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction for forgery of a vendor's lien note, penalty six years in the penitentiary.

*A. S. Bradfoot* and *Basket & DeLee* of Dallas, for appellant.

*Shelby Cox,* Criminal District Attorney, *R. G. Storey,* Special Assistant Criminal District Attorney, *Sam D. Stinson,* State's Attorney, *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for forgery of a vendor's lien note, with punishment fixed at six years in the penitentiary.

The indictment alleges that with intent to injure and defraud appellant forged a vendor's lien note for $1,250.00 which purported to have been executed by Henry Dannelly payable to Geo. T. Vickers in part payment for Lot 6, in Block No. 1 of R. B. Parks Subdivision of Block 1405 in the City of Dallas; it further alleges that the forged instrument related to and affected an interest in land in the State of Texas, and if true would have affected the title to land.

The prosecution grew out of the same transaction reflected in cause No. 9762, against the same appellant, this day decided. The $1,250.00 note mentioned in the opinion in that case is the note here alleged to have been forged.

The indictment is attacked upon the same grounds fully set out in the opinion in the other case. Disposition is made of the complaints as announced in cause No. 9762.

The motion for new trial was overruled on March 23rd and

60 days allowed in which to file statement of facts and bills of exception, which time expired on May 22nd. An order of extension for 20 days was granted on May 22nd, which extension expired June 12th. On June 11th the court allowed 10 days further extension of time, which expired on June 22nd. The bills of exception found in the record were not filed until July 20th, practically a month after the last extension of time had expired. Under these conditions the State's motion to strike the bills of exception from the record must be sustained.

The facts support the judgment and finding no error an affirmance is ordered.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that even if we cannot consider his bills of exception because filed too late, that there were exceptions taken to the charge of the court which are in condition for consideration. The first exception so taken went to the court's charge in the matter of submitting the general fraudulent intent of the appellant, and if the court is correct in its conclusion that the indictment is sufficient, the charge is not open to the objection made. Several of the exceptions taken to the charge would depend for their soundness upon some showing of facts which might be made to appear in a bill of exceptions complaining of the charge, but are not shown by the mere exceptions to the court's charge. We have examined the exceptions taken and are of opinion that none of them are of such character as to make the matters complained of sufficient to cause this court to reverse the case because of any error of the trial court complained of.

The question again raised here as to the sufficiency of the indictment is the same as that raised in the companion case of Decherd v. State this day decided.

The motion for rehearing will be overruled.

*Overruled.*