## E. M. KEITH v. THE STATE.

No. 16302. Delivered January 31, 1934.
Rehearing Denied March 21, 1934.
Reported in 69 S. W. (2d) 64.

618

The opinion states the case.

*Earl M. Greer*, of Wills Point, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

An officer observed appellant stop his automobile in front of a drug store. On searching the car he found therein about ten gallons of liquor.

Appellant contends that the proof on the part of the state failed to show that the liquor was intoxicating. On this point the officer testified as follows: "Of the *whisky* we found in the defendant's car, about three ounces were in a bottle in the pocket of the door and the three cases containing the twenty half-gallons were in the turtleback." The liquor was produced in court and introduced in evidence by the state. The language of counsel was: "The state now introduces in evidence the 20 half-gallons of whisky, as testified to by the witness J. H. Harris, as having been taken from the automobile occupied by the defendant E. M. Keith." The opinion is expressed that the testimony of the officer disclosed that the liquor was whisky. The courts judicially know that whisky is intoxicating. Proctor v. State, 25 S. W. (2d) 350. It follows that the proof that the liquor was intoxicating is deemed to have been sufficient.

State's counsel before this court objects to the consideration of the bills of exception found in the record on the ground that they were filed too late. Appellant's motion for rehearing was overruled on the 26th of April, 1933. No order was entered

during the term at which the trial was had granting additional time in which to file bills of exception. The term of court adjourned on the 13th day of May, 1933. In the absence of an order of extension, appellant had thirty days after the day of adjournment within which to file his bills of exception. Article 760, C. C. P. On July 12, 1933, the court entered an order granting appellant an additional thirty days within which to file his bills of exception. The time allowed by law for filing the bills of exception expired June 12, 1933. Thus, it is seen that the order of extension was not entered until a month after the time allowed by law expired. The uniform holding of this court is that an order of extension which is entered after the expiration of the time allowed by law, or theretofore fixed by an order of the court, for filing bills of exception, is ultra vires. Mireles v. State, 266 S. W., 418. The bills of exception were filed July 25, 1933. It follows that the objection of the state must be sustained.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This motion for rehearing was submitted on March 7, 1934, at which time we were informed that the record would be corrected so as to enable us to consider the bills of exception, which we declined to consider in our original opinion because same were filed too late. We delayed action on the motion for rehearing, but no correction of the record has been made. We are of opinion that the case was correctly decided upon the record before us, and the motion for rehearing is overruled.

*Overruled.*