# MAY 2, 1934

JOHN BORDER v. THE STATE.

No. 16658. Delivered May 2, 1934.

The opinion states the case.

*Clyde Vinson,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

A summary of the evidence in the statement of facts is as follows: Parker and his wife, while traveling upon the highway in a Ford car, stopped it, thinking there was a puncture. While their car was stopped, the automobile driven by the appellant and which was going in the same direction, ran into the back of Parker's car. Both cars were injured and appellant also received some injuries. Looking into the appellant's car, without entering it, Parker claimed to have seen some bottles and also part of the end of a keg in the car. Officers appeared, searched the appellant's car and recovered therefrom two bottles containing whisky and also a keg containing five gallons of whisky. There seems to be no serious question touching the sufficiency of the evidence to sustain the conviction.

The bills of exception embracing some complaints of the appellant as to the rulings of the court are not available for the reason that they were filed some eighty-three days after the date of the trial. The purport of the bills is to challenge the soundness of the court's ruling in receiving the testimony, a summary of which has been set out above. The record fails to show that there was any authority given to file the bills of exception within the time prescribed by law. In allowing the bills of exception the trial judge states the following:

"The foregoing bills of exception have been reduced to writing by counsel for defendant, and having been presented to the undersigned presiding judge of said court for allowance and signature within 90 days and within the time prescribed by law, and having been by me submitted to counsel for the State of Texas and found by him to be correct, and having been by me found to be correct, are here allowed, approved and ordered filed by the Clerk of this Court as a part of the record in such case, this the 15th day of January, 1934."

The court adjourned on the 4th day of November, 1933. The

bills were approved by the judge on the 15th day of January, 1934, and filed on the 17th day of the same month. The law requires that bills of exception be filed within thirty days after adjournment of court, except when the term is more than eight weeks, the bills should be filed within thirty days after final judgment is entered. The trial judge may, before the expiration of the time allowed by law as stated above, extend the time within which the bills of exception may be filed, provided the extention does not result in a delay of more than ninety days from the date notice of appeal was given. However, no extension can be made except by an order of the court entered in the minutes and made before the expiration of the thirty days allowed, as recited above. See article 760, C. C. P., 1925, subd. 5. The recitals in the court's order quoted above do not authorize the consideration of the bills of exception in the present instance. See annotations of article 760, supra, in Vernon's Ann. Texas C. C. P., 1925, vol. 3, Pocket Parts, 1933, p. 27. See also Skinner v. State, 104 Texas Crim. Rep., 400; Jones v. State, 116 Texas Crim. Rep., 88; Huff v. State, 58 S. W. (2d) 113; Pore v. State, 64 S. W. (2d) 958; Keith v. State, 69 S. W. (2d) 64.

The judgment is affirmed.

*Affirmed.*