MARY ROBINSON V. THE STATE.

No. 20931.   Delivered May 8, 1940.
Rehearing Denied June 26, 1940.

The opinion states the case.

·  *Bert G. Ashby,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder; the punishment, confinement in the penitentiary for ten years.

It was alleged in the indictment, in substance, that appellant, with malice aforethought, killed Bertha Ross by shooting her with a gun.

The homicide occurred during the afternoon of June 20, 1937. Witnesses for the State testified that appellant shot deceased with a shotgun; that at the time appellant shot deceased deceased was making no demonstration of any character; that deceased was standing across the street about ten feet from appellant when appellant shot her.

According to appellant's testimony, she and deceased had had a quarrel over some whisky several hours prior to the homicide. At that time deceased cursed her. Deceased's companion, Bud Young, threw her (appellant) on the bed and beat her. She reached under her pillow and grabbed her pistol, but Bud Young took the pistol away from her, and he and deceased left the scene of the difficulty. Appellant testified further that several hours later she was on the porch of her home when she observed deceased walking across the street; that deceased said as she approached, "I am going to kill that G-d- s-of-a-b-;" that as deceased approached she (appellant) entered the house and hooked the screen door; that she told deceased not to come any closer, but deceased continued to advance; that as deceased came through the gate, saying that she was going to kill her, she (appellant) opened the screen door and shot deceased. Appellant testified that it was her purpose, in shooting at deceased, to scare her.

Witness for the State testified that deceased was not armed at the time she was shot.

Appellant leveled no exceptions at the charge of the court.

The record embraces three bills of exception which appear to have been filed November 22, 1939. The motion for new trial was overruled September 25, 1939, and on the same date appellant gave notice of appeal, and was duly sentenced. No order was entered at the time the motion for new trial was overruled granting an extension of time to file bills of exception. The term at which appellant was convicted continued for more than eight weeks. Under such circumstances, the bills of exception are required to be filed within thirty days

after "final judgment" unless the time be extended by the order of the court. Subdivision 5, Article 760, C. C. P.; Ibeck v. State, 16 S. W. (2d) 232. This provision of the statute—without an order of court—carried the time forward thirty days from the date of sentence—that is, thirty days from September 25, 1939,—and expired October 25, 1939. On the date last mentioned appellant was granted fifteen days from such date in which to prepare and file her bills of exception. This extension order carried the time to November 9, 1939, and if filed on that date appellant's bills would be entitled to consideration. On November 10th, the next day after the extension expired, the court undertook to grant a further extension. At the time this order was made the court was without power to grant further extension, in view of the fact that such order was made after the expiration of the prior extension. Ibeck v. State, supra, and authorities cited.

It follows from what we have said the bills of exception were filed too late, and therefore cannot be considered.

We deem the evidence sufficient to support the judgment of conviction.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a motion for rehearing supported by the affidavit of her attorney to the effect that she applied to the trial court on the 9th day of November, 1939, for an extension of time within which to file the bills of exception and statement of facts. While the statement of facts, as the same appears in the record here, fails to show that it was filed with the clerk of the trial court, still it was forwarded to this court by the District Clerk and was filed by the clerk of this court on the 26th day of December, which was 92 days after the order of the court overruling the motion for a new trial. The clerk made an affidavit stating that if the statement had not been filed with him, he would not have forwarded it to this court. If the statement of facts was really handed to the clerk for filing, it was in contemplation of the law filed, and it must have been filed prior to the 24th day of December, because the

25th was Christmas Day. It was filed in this court on the 26th day of December, which was the day after Christmas. Consequently, it must be assumed that the statement of facts was filed within the 90-day period. However, the bills of exception present an entirely different question. Appellant was granted fifteen days from the 25th day of October, within which to file the bills of exception. This time expired on the 9th day of November, and the order of the court showing further extension is dated the 10th day of November, as shown by the record, which is one day too late. Of course, appellant seeks to controvert the record by an ex parte affidavit stating that in truth and in fact the order of extension was granted by the court on the 9th day of November. This dehors the record. If he had an affidavit from the court stating that through mistake or inadvertence an error was made in the date as to when the extension was actually made, then a different question might be presented, but under the conditions in which the record is before us, we cannot consider the bills. Even if we should consider the bills, they are all qualified by the court and as qualified they fail to present reversible error. See 4 Tex. Jur., p. 469, sec. 327; Mathason v. State, 89 Tex. Cr. R. 136.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.