TED TEAL v. THE STATE.

No. 23242. Delivered December 12, 1945.
Rehearing Dismissed January 16, 1946.

The opinion states the case.

*Dan Abbott* and *Letcher D. King,* both of Abilene, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged by complaint and information, in the county court of Taylor County, with maintaining a nuisance in local option territory in that on divers occasions he kept, stored and sold alcoholic beverages in a certain place known as North-Side Drug Store in Abilene, in such county, alleging therein certain sales at different dates, both by his own acts and also as acting with another.

This cause went to trial on April 17, 1945, before a jury, and appellant was convicted and assessed a fine of $400.00, and judgment was entered on that date. Motion for a new trial was filed on April 18, 1945, the next day, and on May 1, 1945, such motion was by the court overruled. On June 16, 1945, appellant, in writing, gave notice of appeal to this court.

There are eight bills of exceptions in the record, all filed the same day on July 30, 1945, or forty-four days after notice of

appeal had been given. It is evident from the caption herein that the term of county court at which this trial was had begun on April 16th and ended on June 16, 1945. We find no order of the trial court extending the time for the filing of bills of exceptions beyond the thirty days allowed by law, and therefore same are filed too late, and we will not consider them.

The facts shown bear out the allegations set forth in the complaint and information in that sales of liquor were there made, stored there and possessed for the purpose of sale, such place being located in a dry area, and thus believing the facts to be sufficient, the judgment will be affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The time for filing motion for rehearing in the Court of Criminal Appeals is governed by the rules as applied in civil cases. Prior to the promulgation by the Supreme Court of the Rules of Civil Procedure, Article 1877, R. C. S. provided that motions for rehearing may be filed "within fifteen days after the date of entry of the judgment or decision of the court, or the filing of the findings of facts and conclusions of law." Said article was repealed and the Supreme Court promulgated Rule 458 of the Rules of Civil Procedure, which requires that a motion for rehearing may be filed "within fifteen days after the date of rendition of the judgment or decision of the court." Said rule prescribes the time within which a motion for rehearing may be filed in this court.

In the instant case the appellant has not filed his motion for rehearing within the fifteen days required. Appellant seeks to excuse himself from timely filing his motion for rehearing because of his inability, through no fault of his own, to secure affidavits tending to show that his bills of exception had been timely filed in the trial court and therefore subject to be considered, b ythis court. Such proof related to the granting of the rehearing. It furnished no reason why the appellant should not have filed his motion for rehearing within the time required by the rule mentioned.

We are authorized to disregard such rule in the filing of motions for rehearing in this court only for exceptional reasons when the appellant is not to blame for the delay. No such exceptional reason is here shown.

The motion for rehearing is dismissed.