# APRIL 24, 1946

ANDY CARLISLE V. THE STATE.

No. 23335. Delivered April 24, 1946.

The opinion states the case.

*Crawford & Keith,* of Hempstead, for appellant.

*James M. Crane,* District Attorney, of Conroe, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for theft of property over the value of Fifty Dollars. The punishment assessed is confinement in the state penitentiary for a term of two years.

The record discloses that on the night of the 13th day of August, 1945, appellant and Jack Burnett entered the electrical repair shop of Robert G. McDonald, which was located on Washington Avenue in the City of Houston, and took therefrom a lathe of the value of $500.00, two electric motors of the value of $30.00, a drill press of the value of $125.00, and an under-cutting machine of the value of $50.00, besides other tools not necessary to mention here. They loaded these tools into a green Oldsmobile car and started to Teague, Texas, but when they reached Hempstead their car broke down. Appellant then telephoned J. W. Hawkins at Teague and requested him to come and get them with his pick-up truck; that there was $100.00 in it for him, but Hawkins declined to do so. They then employed one, Robert Foster, who resided near Hempstead, to carry them and their loot to Teague in his pick-up truck, where they sold it to J. W. Hawkins for the sum of $100.00, and from whom it was later recovered by the officers.

Appellant, who testified in his own behalf, said that on the night in question, he was in a restaurant across the street from McDonald's electrical shop; that Jack Burnett came there and requested that he go and help him to load the tools which he had across the street; that they loaded these tools and started for Teague, Texas; that he did not know that these articles did not belong to Jack Burnett or that they were stolen

The foregoing is a brief summary of the facts proven upon the trial and, in our opinion, they are ample to sustain the conviction.

Appellant brings forward five complaints, each of which is in a separate bill of exception. Four of these bills are approved by the trial judge, but the fifth was refused. However, since appellant did not file his bills within the extended period of time, the same cannot be considered by this court. The record discloses that appellant's motion for a new trial was overruled on the 13th day of November, 1945, at which time he gave notice of appeal to this court. Thereafter, on the 10th day of December, the court, on application of the defendant, extended the

time within which to file his bills of exception to December 23rd, but the bills were not filed until the 7th day of January, 1946. The time in which to file the bills in the trial court expired on the 23rd day of December, 1945, from which it is apparent that the bills were filed too late. Consequently this court is without authority to consider the same. See Robinson v. State, 141 S. W. (2d) 652; Limon v. State, 80 Tex. Cr. R. 550; Decherd v. State, 104 Tex. Cr. R. 112; Scroggins v. State, 113 Tex. Cr. R. 678; O'Brien v. State, 145 S. W. (2d) 881, and cases cited.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.