## JAMES MARTIN V. STATE.

No. 24411. June 15, 1949.

Dan M. Cook, and Lucian Morehead & Thomas Z. Parrish, Plainview, for appellant.

Joe Sharp, District Attorney, and Joe L. Cox, County Attorney, Plainview, and Ernest S. Goens, State's Attorney, Austin, for the state.

KRUEGER, Judge.

Appellant was convicted of the offense of murder, and his punishment assessed at confinement in the state penitentiary for a term of five years.

The killing occurred at a Negro cafe in the town of Plainview about 2 or 2:30 p. m. on the 11th day of November, 1948. Robert Dawson, who was employed at said cafe, testified that he was in the kitchen resting on the refrigerator; that the deceased was stacking soda water cases under the counter when appellant entered; that appellant came back of the counter where the deceased was engaged and without a word being spoken by either party, appellant drew a pistol from his pocket and shot the deceased. This was the only witness who testified at the instance of the state relative to the shooting. The witness Dawson fur-

ther testified that appellant left the cafe, but soon returned when he and appellant carried the injured party to an automobile, placed him in it, and appellant and some other parties carried him to the hospital.

Appellant took the witness stand and testified that the shooting was accidental; that he did not intend to shoot the deceased. Walter Smith, a witness for appellant, testified that he was one of the parties who carried the wounded man to the hospital; that when they arrived at the hospital he placed him on his shoulder and carried him into the hospital and placed him on a bed; that while he was carrying the wounded party into the hospital, he remarked, "I think I am going to die, but James didn't go to do it." Susie Riggs testified that she was employed at the Plainview Sanitarium in the capacity of superintendent of nurses; that she remembered when the wounded Negro by the name of Mose Davis was brought there for treatment; that he seemed to be unconscious—things did not seem to register with him; you couldn't get him to talk; it took a long time to get him to say what his name was; he was just moaning and groaning.

Appellant challenges the sufficiency of the evidence to sustain his conviction.

It was the state's theory that appellant, without cause, excuse, or justification, shot the deceased while he was stacking soda water cases under the counter. This theory is supported by the Negro cook who was in the kitchen and saw appellant come into the cafe; saw him come around behind the counter; saw him draw the pistol from his pocket, point it at the deceased and shoot. It was appellant's theory, supported by his own testimony and that of one or two other witnesses, that it was an accident. Thus it will be noted that an issue of fact was raised which the jury decided adversely to him. We would not be authorized to disturb the verdict of the jury under the facts reflected in the record. We therefore overrule his contention.

Appellant brings forward three complaints, each by a bill of exception. His first two bills of exception cannot be considered by this court because the same were not filed within the time prescribed by Art. 760, C. C. P. The record reflects that the term of the court continued more than eight weeks. Appellant was tried and convicted on the 11th day of January, 1949. He was sentenced on January 12th at which time he gave notice of appeal to this court. On the 26th day of February, he entered

into a recognizance and was released from custody. Thereafter, on the 6th day of April he filed said two bills of exceptions wherein he complained of the exclusion by the court of certain evidence and this was more than thirty days after final judgment was entered. Under Art. 760, C. C. P., where the term of court lasts over eight weeks, he is required to file his bills of exceptions within thirty days, unless such time has been extended by the court and the record does not contain such an order. See Gibson v. State, 67 Tex. Cr. R. 432 (148 S. W. 1090) ; Robinson v. State, 139 Tex. Cr. R. 596 (141 S. W. 2d 652) ; Teal v. State, 149 Tex. Cr. R. 93 (191 S. W. 2d 684) ; and Border v. State, 126 Tex. Cr. R. 197 (71 S. W. 2d 515).

His next complaint relates to the court's action in declining to permit him to file a motion for a new trial based on newly discovered evidence. He sought to file this motion long after he had given notice of appeal; had entered into a recognizance; and was released from custody under his recognizance. We do not think the court committed error in this respect since appellant did not ask leave to withdraw his notice of appeal and surrender himself to the sheriff. Therefore, under the holding of this court in the following cases there was no error committed by the trial court in declining to permit him to file his motion: Tores v. State, 74 Tex. Cr. R. 37 (166 S. W. 523) ; and Humphries v. State, 79 Tex. Cr. R. 637 (186 S. W. 332).

Appellant cites us to the case of Tyson v. State, 146 Tex. Cr. R. 128 (171 S. W. 2d 496), as sustaining his contention. In that case the court permitted the filing of the motion for a new trial, extended the term of court for the very purpose of hearing evidence relative to the allegations in the motion, and did hear the evidence. This court held that the action of appellant as well as that of the court was tantamount to a withdrawal of the notice of appeal, but in the instant case appellant does not bring himself within the facts of that case. Having reached the conclusion that the trial court did not commit error in his ruling with respect thereto, we overrule his contention.

No error appearing in the record, the judgment is affirmed.

Opinion approved by the Court.