FRANK EPPERSON, ALIAS FRANK EDWARDS, V. THE STATE.

No. 4749.   Decided December 12, 1917.

**1.—Manslaughter—Plea of Guilty—Moton for New Trial.**

The law would not permit impeachment of the record on appeal on consideration of a motion for new trial which was neither verified by affidavit nor proof, and the proceedings being otherwise regular, and the homicide unjustifiable, to

which defendant pleads guilty, there is no reversible error. Following Barber v. State, 35 Texas Crim. Rep., 70, and other cases.

### 2.—Same—Affidavit—Examining Trial—Testimony.

Where appellant claimed that he acted in self-defense although he pleaded guilty to manslaughter, this court can not review the action of the trial court in overruling the motion for new trial on this ground in the absence of the necessary evidence thereunder. Following Black v. State, 41 Texas Crim. Rep., 185, and other cases, and this although the evidence on self-defense might have had its weight in the trial.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This appeal is from a sentence condemning appellant to two years confinement in the State penitentiary for the offense of manslaughter.

The indictment was for murder. The State abandoned the charge of murder and on a plea of guilty the jury rendered a verdict which is the basis for the judgment. The indictment is regular, and no errors in the conduct of the trial are complained of.

In a motion for new trial appellant, conceding that he entered a plea of guilty, complains that he was not represented by attorney and that by entering the plea he meant that he had killed deceased but did not mean that the homicide was unlawful. The motion for new trial is not verified. The proceedings, as disclosed by the judgment, followed the statute with reference to the entrance of a plea of guilty. The statement of facts shows the homicide and fails to show justification. The law would not permit impeachment of this record on consideration of a motion for new trial which was neither verified by affidavit nor proof. Barber v. State, 35 Texas Crim. Rep., 70; Robinson v. State, 58 Texas Crim. Rep., 550; Pilgrim v. State, 59 Texas Crim. Rep., 499; Johnson v. State, 65 Texas Crim. Rep., 43, 143 S. W. Rep., 626; Bryant v. State, 69 Texas Crim. Rep., 457, 153 S. W. Rep., 1156; Vernon's C. C. P., p. 805, and cases cited. The rule recognized in these authorities is that when in a motion for new trial the matter is not shown by the record as relied on, verification of its truth is essential.

It is claimed in the motion that appellant acted in self-defense and that the homicide was, therefore, justifiable. This, if true, depends upon evidence not adduced upon the trial and not even newly discovered. Attached to the motion is what purports to be evidence adduced upon the examining trial. The identity of this evidence is not verified by any affidavit attached to the motion for new trial. There is no bill

of exceptions or statement of facts upon motion for new trial showing whether this purported testimony was before the trial court on the hearing or not, nor is it brought before us by any bill of exception or statement of facts or otherwise. There is no information as to whether appellant's motion was controverted or evidence introduced in opposition to it or not. The judgment overruling the motion for new trial recites that the court heard the evidence and on such hearing overruled the motion. To authorize this court to review the action it is necessary that the evidence heard be brought up as a basis for the review. Black v. State, 41 Texas Crim. Rep., 185; Reyes v. State, 81 Texas Crim. Rep., 588, 196 S. W. Rep., 533, and cases cited; Guerra v. State, 80 Texas Crim. Rep., 328, 189 S. W. Rep., 953.

We will add that the reading of the copy of the evidence on the examining trial attached to the motion discloses facts which would have raised the issue of self-defense, and if on a plea of not guilty appellant had been tried on the indictment for murder and this evidence had been before the jury a charge on self-defense would have been required. This evidence, however, would not make a case of self-defense as a matter of law.

The record disclosing no reversible error, the judgment of the District Court is affirmed.

*Affirmed.*