### LEE BOTTOM V. THE STATE.

No. 10213.   Delivered June 16, 1926.

Rehearing denied October 20, 1926.

**1.—Receiving and Concealing—Jurisdiction of District Court—Rule Stated.**

Where appellant plead guilty, was convicted, waived time for filing a motion for new trial, and was sentenced, this did not remove the jurisdiction of the trial court over the cause. In other words, we think the

court had complete jurisdiction over the case during that term of court, which contention, we think, is supported by the case of Bankston v. State, 80 Tex. Crim. Rep. 629.

#### 2.—Same—New Trial—Motion For—Discretion of Court.

Where, after accepting sentence and waiving time for filing a motion for new trial, appellant filed a motion for a new trial, and afterward presented for filing an amended motion for a new trial, which the court refused to permit him to file, and overruled the original motion, this was a matter altogether within the discretion of the trial judge, and in the absence of an abuse of his discretion being shown, no error is presented on appeal. Following Carnsales v. State, 47 Tex. Crim. App., and **other** cases cited.

#### ON REHEARING.

#### 3.—Same—No Error Apparent.

On rehearing, appellant in his motion but reiterates the points made by him upon the original hearing, and in our opinion presents no matter that would warrant a reversal of the judgment and is therefore overruled.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippin, Judge.

Appeal from a conviction for receiving and concealing stolen property, penalty two years in the penitentiary.

The opinion states the case.

*G. H. Crane* of Dallas, for appellant.

*Shelby Cox,* Criminal District Attorney, of Dallas County; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the Criminal District Court No. 2 of Dallas County for the offense of receiving and concealing stolen property, and his punishment assessed at two years in the penitentiary.

The record discloses that the appellant was charged by indictment with receiving and concealing an automobile of the value of $500 belonging to Mrs. M. C. Morehead, which had been stolen in the city of Dallas, Texas. It further appears from the record that when the case was called for trial the appellant appeared in person and by his attorney, announced ready for trial and plead guilty to said charge in the indictment, after being duly admonished by the court. After the court made due inquiry into the sanity of the appellant, and whether or not he had been influenced by any consideration of fear or persuasion or hope of pardon, said plea was received, and upon proper instructions

given to the jury, a verdict of guilty was returned, as above stated. This judgment was entered on the 26th day of March, 1926. On the same day the appellant waived the two days within which to file a motion for new trial and requested that he be sentenced at once; whereupon the court duly sentenced him in accordance therewith. On the following day, to-wit, March 27, 1926, a motion for new trial was filed by the appellant, contending that the evdience was insufficient to support the verdict and that he was unduly influenced to enter his plea of guilty under the promise and pretense that he would not be sent to the penitentiary, but failed to allege in said motion the name of any party making said promise, or any facts bearing thereon; nor did the appellant swear to said motion or have affidavits attached thereto.

It is made to appear from bills of exception Nos. 1 and 2 that on the 3rd day of April, 1926, the date on which the court adjourned, the appellant presented his "first amended motion for a new trial" and requested the court to permit him to file same, which the court refused to do and refused to act on the original motion filed therein on the 27th day of March, 1926, because the appellant had plead guilty to said charge and had been sentenced, and the court was of the opinion that he was without further jurisdiction in the case, to which action of the court the appellant excepted and gave notice of appeal. We are of the opinion that the court had jurisdiction to entertain the original motion for new trial and was authorized to permit the filing of the amended motion in the event he desired to do so. In other words, we think the court had complete jurisdiction over this case during that term of court, which contention, we think, is clearly supported by the case of Bankston v. State, 80 Tex. Crim. Rep. 629. However, the court having refused to permit the appellant to file the amended motion, this was a matter altogether within his discretion, and in the absence of a showing of an abuse of said discretion, this court would be without authority of law to interfere. It being the last day of the term of court when the amended motion was presented and being more than two days after judgment and sentence, the matters presented in said bills of exception do not, in our judgment, show any abuse of the discretion of the trial court in refusing to permit appellant to file said amended motion for a new trial, or to consider same. Carusales v. State, 47 Tex. Crim. Rep. 1, 82 S. W. 1038; Kinney v. State, 144 S. W. 257; Adams v. State, 92 Tex. Crim. Rep. 468, 244 S. W. 532.

This leaves only for our consideration the refusal of the court to act on appellant's original motion for new trial, which was filed within two days after sentence was passed. We have examined said motion, in connection with the bills of exception and the record as presented, and have reached the conclusion that there is nothing in the original motion for new trial which would authorize the court to grant same, and although the court was in error in holding that he had no jurisdiction over the case after sentence was passed, yet if he had acted on this motion, we see nothing therein authorizing the granting of a new trial thereon, or any abuse of discretion in the event he should have overruled it.

After a careful examination of the record as presented, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge. — We have re-examined the record in the light of the appellant's motion for rehearing. The motion but reiterates the points made by the appellant upon the original hearing, and in our opinion, presents no matter that would warrant a reversal of the judgment.

The motion is overruled.

*Overruled.*