## LEROY WILLIAMS V. STATE

No. 28,526. November 7, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 9, 1957.

*W. C. Hancock,* Pittsburg, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is rape by force; the punishment, eight years.

Upon his arraignment appellant entered a plea of guilty and a jury being empaneled and the court having fully admonished him, he pleaded guilty before the jury.

The prosecutrix, a widow, testified that she lived alone; that she retired about 11:30 P.M.; that as she was awakened she saw a man crawling on the floor; that she started hollering and the man jumped up and knocked her over on the bed and had intercourse with her; that he said "I have been planning this for 20 years and if you tell it I will kill you if it takes me 20 years."

The prosecutrix further testified that she fought the man, who she identified as appellant, throughout the act and that she was scared, and that after he left she discovered that he had gained entrance into her home by cutting a screen.

Appellant testified that he "had intercourse with her (the prosecutrix) that night like she testified to 'while ago' " He also testified that he had on previous occasions during the preceding two years had intercourse with her.

Also in support of his application for suspension of sentence

appellant testified that he had never been convicted of a felony in this or any other state.

The sole question presented on appeal relates to the overruling of appellant's motion for new trial. The motion alleges that prior to the trial appellant's court—appointed counsel and the district attorney agreed that if appellant would enter a plea of guilty he would be given a five year suspended sentence; that this information was conveyed to appellant by his counsel and appellant's plea of guilty was entered because thereof; that but for such representation he would have entered a plea of not guilty; and that for the reasons stated the plea of guilty was not his voluntary act.

The motion was not sworn to or supported by the affidavit of appellant or any other person.

The unverified motion is insufficient as a pleading and the exception to the overruling thereof cannot be considered. Jackson v. State, 84 Texas Cr. Rep. 181, 206 S.W. 192; Epperson v. State, 82 Texas Cr. Rep. 245, 199 S.W. 478; Bottom v. State, 105 Texas Cr. Rep. 75; 286 S.W. 1091; Reynolds v. State, 162 Texas Cr. Rep. 143, 276 S.W. 2d 279; Barnett v. State, 160 Texas Cr. Rep. 622, 273 S.W. 2d 878.

We observe that there is nothing in this record to suggest bad faith on the part of the district attorney or which would support a finding that there was an agreement under which, in the event the jury failed to recommend suspension of sentence, appellant would be given a new trial.

The judgment is affirmed.