The STATE of Texas

v.

Billy MOORE, Appellee.

No. PD–0359–06.

Court of Criminal Appeals of Texas.

June 6, 2007.

David M. Gonzalez, Austin, for Appellant.

Gisselle Horton, Assistant County Atty., Matthew Paul, State's Atty., Austin, for State.

### OPINION

PRICE, J., delivered the opinion of the Court in which MEYERS, WOMACK, JOHNSON, KEASLER, HOLCOMB and COCHRAN, J.J., joined.

We granted the appellee's petition for discretionary review in this case to determine whether, and under what circumstances, a trial court may entertain an amended motion for new trial that is filed

after the thirty-day time limit for filing amended motions for new trial without leave of court in Rule 21.4(b) of the Texas Rules of Appellate Procedure. We hold that, at least so long as the State does not timely object to a late-filed amended motion for new trial, the trial court does not err to grant it.

## FACTS AND PROCEDURAL POSTURE

The appellee was convicted of the misdemeanor offense of driving while intoxicated. On March 22, 2005, the trial court imposed sentence at a term of 100 days of incarceration in the county jail. The next day, March 23, 2005, trial counsel filed a timely motion for new trial and a motion to withdraw as counsel, the latter of which was granted. Newly appointed appellate counsel filed an amended motion for new trial and a motion for leave to file that amended motion on May 13, 2005, more than thirty days after sentence was imposed. The amended motion raised two grounds that had not appeared in the initial motion for new trial, including a *Brady* claim that the State failed to disclose evidence that would have impeached the credibility of the State's chief witness at trial.[1] This amended motion failed to incorporate any supporting affidavits or other documentation, and on May 20, 2005, the appellee filed a second amended motion for new trial, alleging the same grounds but including affidavits and documentary support, along with another motion for leave to file. The trial court granted the motion for leave to file the second amended motion for new trial on the same day it was filed, and set a hearing on the second amended motion for new trial to be conducted on June 3, 2005, the 73rd day after sentence was imposed.

After a brief hearing on June 3rd, the trial court granted the appellee's second motion for new trial on the *Brady* ground alone. On June 14, 2005, the State filed a motion requesting the trial court to reconsider its order granting the appellee's second motion for new trial, asserting for the first time that the trial court lacked authority to grant such a motion because it had not been timely filed in accordance with Rule 21.4(b).[2] The trial court conducted another brief hearing on the State's motion, but, convinced by the appellee's argument that it lacked authority to act on the State's motion because it was filed beyond the 75–day period for ruling on a motion for new trial,[3] the trial court denied the State's motion for reconsideration. The State appealed.[4]

---

1. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). After the appellee's trial, his new appellate counsel learned that during the trial itself the police officer who had initially pulled the appellee over and discovered he was intoxicated was himself under investigation by federal authorities for possession of, and trafficking in, child pornography. He was later indicted in federal court. But the pendency of the investigation, which might have been used to impeach the credibility of the officer, was never revealed to the defense. We express no opinion with respect to the merits of this claim.

2. Tex.R.App. P. Rule 21.4(b) (*"To Amend.* Within 30 days after the date when the trial court imposes or suspends sentence in open court but before the court overrules any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial.").

3. *See* Tex.R.App. P. Rule 21.8(a) (*"Time to Rule.* The court must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court.").

4. *See* Tex.Code Crim. Proc. art. 44.01(a)(3) ("The state is entitled to appeal an order of a court in a criminal case if the order ... grants a new trial[.]")

In an unpublished opinion, the Austin Court of Appeals "overruled" the trial court's order granting the new trial and remanded the cause to the trial court.[5] Without reaching the merits of the motion, the court of appeals held that Rule 21.4(b) prohibits any amendment of a motion for new trial that is attempted beyond the thirty-day period, even with leave of court, and that the trial court lacked jurisdiction to rule on any such amendment, citing this Court's opinions in *Dugard v. State*,[6] and *Drew v. State*.[7] Combined, these two cases may be read to support the proposition that the statutory predecessor to Rule 21.4(b) interposes a jurisdictional bar to a trial court's entertaining an amended motion for new trial if the amendment was filed after the 30 days expires for filing an original or amended motion for new trial.

In his petition for discretionary review, the appellee argues that the language of Rule 21.4(b) is sufficiently different from its statutory predecessor that we need not follow these cases. He further argues that, in any event, we should not regard any prohibition within Rule 21.4(b) as jurisdictional, in light of the recent opinion of the United States Supreme Court in *Eberhart v. United States*.[8] *Eberhart* construed the federal procedural rules with respect to the time limits for filing a motion for new trial to allow a late-filed amendment to a motion for new trial so long as the Government does not complain of the lack of timeliness of the amendment. The Supreme Court reasoned that such rules are to be regarded as "claim-processing rules" rather than rules that absolutely circumscribe the trial court's jurisdiction.[9]

We granted the appellee's petition to examine these contentions. We hold that Rule 21.4(b) does prohibit a defendant from filing an amended motion for new trial after the thirty-day period prescribed, even *with* leave of court. We also hold, however, that this prohibition does not deprive the trial court of jurisdiction; nor does it deprive the trial court of the authority to rule on a tardy amendment to a timely motion for new trial, at least absent an objection from the State, at any time within the seventy-five days for ruling on a motion for new trial. We therefore reverse the judgment of the court of appeals.

## STATUTORY HISTORY AND THE RULE

The appellee first contends that we should construe present-day Rule 21.4(b)'s provision for unfettered (i.e., "without leave of court") amendment of a motion for new trial within thirty days to implicitly authorize the trial court to entertain an amendment filed *after* the thirty days so long as the defendant first seeks and obtains leave of court to do so. We disagree with this contention. In order to fully explain our disagreement, and also to provide some perspective on the question whether the prohibition against the tardy filing of an amended motion for new trial embodied in Rule 21.4(b) is "jurisdictional," it is necessary to examine the history of the rule and its statutory antecedents.

### *Early Incarnations of the Statute*

Article 671 of the first Code of Criminal Procedure of 1857 required the defen-

5. *State v. Moore*, No. 03–05–00395–CR, 2006 Tex.App. LEXIS 518, 2006 WL 151942 (Tex. App.–Austin, January 19, 2006.)

6. 688 S.W.2d 524 (Tex.Crim.App.1985), *overruled in part*, *Williams v. State*, 780 S.W.2d 802, 803 (Tex.Crim.App.1989).

7. 743 S.W.2d 207 (Tex.Crim.App.1987).

8. 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005).

9. *Id.*, 126 S.Ct. at 407.

dant to file a motion for new trial "within two days after the verdict is returned[.]" But it also provided that, in felony cases, "for good cause shown," the trial court could entertain a motion for new trial that is filed "at any time before the adjournment of the term at which the verdict was found." [10] Thus, at least with respect to an original motion for new trial, Article 671 operated much like the kind of "claim-processing" rule the Supreme Court identified in *Eberhart.* That is to say, the statute provided a deadline for motions for new trial, but did not predicate the trial court's jurisdiction to rule on a motion for new trial upon its timely filing. The statute did not expressly speak to amendments to motions for new trial.

In 1879, Article 671 was re-codified as Article 779, without substantive amendment. [11] Our predecessor, the Texas Court of Appeals, construed this provision to grant trial courts discretion to reach the merits of a late-filed motion for new trial under the terms prescribed in the statute, such discretion to be respected by a reviewing court "unless it be made to appear that the discretion ... had been improperly exercised, and that too to the prejudice of the party against whom the ruling was made." [12] The following year the Texas Court of Appeals reversed a conviction in which a "supplemental" motion for new trial was filed. [13] The trial court had at first refused to entertain the motion on the ground that it had already overruled the defendant's original, timely filed motion for new trial, and the defendant had thereafter filed his notice of appeal, thus divesting the trial court of jurisdiction of the case. [14] The defendant filed "a further application," offering to withdraw his notice of appeal. [15] This the trial court allowed him to do, and then denied his supplemental motion for new trial on the merits. [16] The Texas Court of Appeals found that the trial court abused its discretion in failing to grant the supplemental motion for new trial on the particular facts presented, citing Article 779 for the proposition that the trial court had not erred to entertain it on the merits. [17]

The statute was carried over verbatim into the 1895 Code of Criminal Procedure as Article 819. Construing Article 819, this Court followed the lead of the Texas Court of Appeals, holding that "the article, in effect, confides to the judicial discretion of the trial court the determination of applications for new trial made after the expiration of two days, and the exercise of that discretion will not be revised, unless it has been abused to the defendant's preju-

---

**10.** In its totality, Article 671 read:

ART. 671. A new trial must be applied for within two days after the verdict is returned; but for good cause shown, the Court, in cases of felony, may allow the application to be made at any time before the adjournment of the term at which the verdict was found. When a Court adjourns before the expiration of two days from the return of verdict, the motion shall be made before the adjournment.

**11.** Article 779 replaced "verdict" with "conviction," but did not change the two-day timetable or alter the trial court's authority to entertain any late-but-still-within-term-time motion for new trial, at least in felony cases, upon a showing of "good cause."

**12.** *White v. State,* 10 Tex. Ct.App. 167, 176 (1881); *see also Smith v. State,* 15 Tex. Ct. App. 139, 150 (1883); *Hernandez v. State,* 18 Tex. Ct.App. 134, 147 (1885).

**13.** *Bullock v. State,* 12 Tex. Ct.App. 42 (1882).

**14.** *Id.* at 47–49.

**15.** *Id.*

**16.** *Id.* at 48–49.

**17.** *Id.* at 49–51.

dice."[18] Moreover, although the statute still did not speak expressly to amendments to motions for new trial, the terms of the statute were held to apply in that context as well.[19] Before long this Court went so far as to hold that one trial court had abused its discretion in refusing to allow the defendant to file a clearly meritorious but out-of-time amendment to a motion for new trial that was proffered within the term of court.[20]

Twice more the statute was re-codified without substantive change, first in the 1911 Code of Criminal Procedure, and then in the 1925 Code of Criminal Procedure. In 1935, then-Article 755 was amended to delete the phrase "in felony cases," the effect of which was to allow trial courts to extend the time for filing motions for new trial "for good cause shown" within the term of court in misdemeanor as well as felony cases.[21] The Legislature did not otherwise substantively amend the statute until 1951. During the forty years between 1911 and 1951, this Court adhered to its earlier construction of the statute. We consistently held that it was within the trial court's authority, as a discretionary matter, subject to appellate review only for abuse of discretion, to allow the filing of a motion for new trial, or the filing of an amended motion for new trial, beyond the statutory two-day period for filing, upon a showing of good cause, at least for the duration of the term of the court. Within those parameters, the only *jurisdictional* question was whether the defendant had already filed a notice of appeal, which, because the appellate jurisdiction of this Court was regarded as exclusive, was held to divest the trial court of jurisdiction. But in that event, all the defendant had to do was ask the trial court to allow him to withdraw his notice of appeal, and the trial court would reacquire jurisdiction to entertain the late-filed motion or amended motion for new trial.[22]

18. *Young v. State*, 54 Tex.Crim. 379, 380, 113 S.W. 16, 17 (1908).

19. *Carusales v. State*, 47 Tex.Crim. 1, 2, 82 S.W. 1038 (1904) ("Under article 819, Pen. Code [sic] 1895, it is within the sound discretion of the court to permit amended motions for new trial to be filed after the two days allowed by law has expired.").

20. *Cowan v. State*, 49 Tex.Crim. 466, 469, 93 S.W. 553, 554 (1906); *see also Bundick v. State*, 59 Tex.Crim. 9, 10, 127 S.W. 543, 544 (1910) (trial court did not err to entertain out-of-time "supplemental" motion for new trial presented within term of court, even though original motion for new trial had been denied and notice of appeal given, but trial court did abuse its discretion to deny supplemental motion for new trial on the merits); *Kinney v. State*, 65 Tex.Crim. 251, 257, 144 S.W. 257, 259 (1912) (issues raised in tardy amended motion for new trial which the trial court permitted, within its discretion, to be filed held properly before this Court for appellate review).

21. *See* Acts 1935, 44th Leg., ch. 308, p. 714, § 1, eff. May 17, 1951. By this time the statute read:

    **Art. 755. Time to apply for new trials.**—A new trial must be applied for within two (2) days after the conviction; but for good cause shown, the Court may allow the motion to be made at any time before adjournment of the term at which the conviction was had. When the Court adjourns before expiration of two (2) days after the conviction, the motion shall be made before the adjournment.

22. *See, e.g., Tores v. State*, 74 Tex.Crim. 37, 43–45, 166 S.W. 523, 527 (1914) (trial court did not abuse its discretion in failing to allow unmeritorious amended motion for new trial when the defendant neither asked for leave to do so nor withdrew notice of appeal); *Samples v. State*, 80 Tex.Crim. 418, 421, 190 S.W. 486, 487 (1916) (same); *Bankston v. State*, 80 Tex.Crim. 629, 192 S.W. 1064 (1917) (trial court could entertain *third* motion for new trial at any time during term of court, and granting of same was tantamount to setting aside notice of appeal so that the trial court reacquired jurisdiction); *Alvarado v. State*, 83 Tex.Crim. 181, 182, 202 S.W. 322 (1918) (trial

## The 1951 Amendment

Because the Legislature perceived that two days was often an insufficient amount of time in which to expect a defendant to file a motion for new trial, it essentially rewrote Article 755 of the 1925 Code of Criminal Procedure in 1951.[23] Motion for new trial practice in criminal cases was substantively changed in a number of ways. First, the Legislature expanded the time for filing an original motion for new trial from two to ten days. Second, for the first time the statute expressly addressed amended motions for new trial, providing that they may be filed only with leave of court, and only within twenty days after the original motion was filed, or before the trial court ruled on the original motion, whichever should occur first. However, the trial court could still enlarge the time for filing either an original motion or an amendment thereto, for good cause shown. Third, for the first time the statute required the defendant to "present" his motion or amended motion to the trial court within ten days of its filing, and also required the trial court to make a ruling within 20 days of that filing. It did not authorize the trial court to extend these new deadlines. Finally, the amended statute provided that, when necessary, the defendant could file an original or amended motion for new trial beyond the limits of the term of court in which the conviction occurred. As so amended, Article 755 was re-codified without substantive change as Article 40.05 of the 1965 Code of Criminal Procedure.

Because the statute as amended in 1951 still provided for an extension of time to file original and amended motions for new

court abused discretion in refusing to allow defendant to file meritorious amended motion for new trial even though defendant had already filed notice of appeal); *Hanks v. State,* 99 Tex.Crim. 218, 228, 269 S.W. 106, 111 (1925) (trial court abused discretion in refusing to allow defendant to file meritorious amended motion for new trial); *Bottom v. State,* 105 Tex.Crim. 75, 77, 286 S.W. 1091, 1092 (1926) (trial court had discretion whether to allow amended motion for new trial during term time, but did not abuse discretion to refuse to allow defendant to file unmeritorious amended motion); *Millsaps v. State,* 118 Tex.Crim. 491, 493, 38 S.W.2d 339, 340 (1931) (same); *Abraham v. State,* 118 Tex. Crim. 136, 137–38, 39 S.W.2d 42 (1931) (same); *Cardwell v. State,* 119 Tex.Crim. 186, 188–90, 44 S.W.2d 681, 681–82 (1931) (same); *Adaire v. State,* 130 Tex.Crim. 1, 2–3, 91 S.W.2d 367, 368 (1936); *Tyson v. State,* 146 Tex.Crim. 128, 133–34, 171 S.W.2d 496, 499–500 (1943) (trial court had jurisdiction to entertain defendant's amended motion for new trial during term time, because permitting him to file same was tantamount to withdrawing notice of appeal); *Martin v. State,* 153 Tex.Crim. 470, 472, 221 S.W.2d 605, 607 (1949) (trial court did not abuse discretion in refusing to allow defendant to file amended motion for new trial when defendant did not request trial court to withdraw his notice of appeal).

**23.** *See* Acts 1951, 52nd Leg., ch. 464, p. 818, §§ 1 & 2, eff. 90 days after June 8, 1951, date of adjournment. As rewritten, Article 755 read:

> **Art. 755. Time to apply for new trial; amendment**
>
> A Motion for new trial shall be filed within ten (10) days after conviction as evidenced by the verdict of the jury, and may be amended by leave of the court at any time before it is acted on within twenty (20) days after it is filed. Such motion shall be presented to the court within ten (10) days after the filing of the original or amended motion, and shall be determined by the court within twenty (20) days after the filing of the original or amended Motion, but for good cause shown the time for filing or amending may be extended by the court, but shall not delay the filing of the record on appeal.
>
> A Motion for new trial may be filed after the expiration of the term at which said conviction resulted, either during a new term of court or during vacation, and a Motion for new trial may be determined in vacation or at a new term of court, and need not be determined during the term at which filed.

trial "for good cause shown," this Court continued to construe it to afford trial courts the discretion to permit late-filed motions for new trial.[24] Because such motions under the new statute could be filed even during vacation time or a succeeding term of court, we acknowledged that the jurisdiction of the trial court to entertain such late-filed motions could extend even beyond the term of court during which the defendant was convicted.[25] In the absence of such an extension of time to file, or a withdrawal of a notice of appeal, however, we held that the trial court need not reach the merits of either an original or amended motion for new trial.[26] Moreover, we underscored the fact that the statutory amendment did not expressly provide for extensions of time for presentment and for the trial court's ruling by holding repeatedly that the defendant's failure to timely present or obtain a ruling on an original or amended motion for new trial deprived the trial court of authority to act on it, and that any attempt by the defendant to amend a motion for new trial that had already been "overruled by operation of law," because not timely ruled upon, could not be entertained.[27]

24. See Atkinson v. State, 164 Tex.Crim. 421, 423, 299 S.W.2d 951, 952 (1957) (trial court had authority to grant late-filed amended motion for new trial when leave to file had been granted and amended motion was timely presented and ruled upon).

25. Hunt v. State, 160 Tex.Crim. 115, 116, 269 S.W.2d 385, 386 (1954); Thurman v. State, 162 Tex.Crim. 477, 478, 286 S.W.2d 941, 942 (1956).

26. See, e.g., Burris v. State, 161 Tex.Crim. 210, 215, 276 S.W.2d 260, 263–64 (1953) (trial court did not err to refuse to permit defendant to file amended motion for new trial filed after twenty-day deadline because defendant failed to seek leave of court); Heath v. State, 161 Tex.Crim. 323, 325–26, 276 S.W.2d 534, 535–36 (1955) (trial court did not err to refuse late-filed amended motion for new trial because defendant failed to ask that his notice of appeal be withdrawn); Barnett v. State, 163 Tex.Crim. 270, 276–77, 290 S.W.2d 234, 238–39 (1956) (same); Mendoza v. State, 411 S.W.2d 546, 547 (Tex.Crim.App.1967) (same); Defore v. State, 460 S.W.2d 128, 129 (Tex. Crim.App.1970) (no error in overruling late-filed motion for new trial where no good cause); Nelson v. State, 464 S.W.2d 834, 836 (Tex.Crim.App.1971) (trial court did not err in failing to consider amended motion for new trial filed fourteen months after sentencing and notice of appeal); Roberts v. State, 493 S.W.2d 849, 851 (Tex.Crim.App.1973) (trial court should not have entertained late-filed motion for new trial absent good cause); Morton v. State, 502 S.W.2d 121, 122–23 (Tex. Crim.App.1973) (where defendant fails to seek leave to file it out-of-time for good cause,

"[t]he untimely filing of a motion for new trial prevents consideration of that motion."); Robinson v. State, 505 S.W.2d 298, 299 (Tex. Crim.App.1974) ("good cause for belated filing was not made."); McIntosh v. State, 534 S.W.2d 143, 146 (Tex.Crim.App.1976) (late-filed amended motions for new trial were "untimely" absent extensions granted for "good cause shown").

27. See, e.g., Mahan v. State, 163 Tex.Crim. 36, 37, 288 S.W.2d 508, 509–510 (1956) (although time for filing motion for new trial may be extended, time for presentment and ruling upon said motion may not, and because trial court did not rule on motion within twenty days, said motion was overruled "by operation of law"); DeHay v. State, 163 Tex.Crim. 516, 517, 294 S.W.2d 401, 402 (1956) (motion for new trial overruled by operation of law if not ruled on within twenty days); Barton v. State, 165 Tex.Crim. 582, 583, 310 S.W.2d 90, 91 (1958) (same); Brinkley v. State, 167 Tex.Crim. 472, 475, 320 S.W.2d 855, 856–57 (1958) (same); Torrez v. State, 167 Tex.Crim. 25, 320 S.W.2d 817, 818 (1958) (same); Brantley v. State, 167 Tex. Crim. 145, 146, 320 S.W.2d 825, 826 (1959) (same); Obarts v. State, 167 Tex.Crim. 385, 386, 320 S.W.2d 816, 817 (1959) (amended motion for new trial overruled by operation of law); Grimes v. State, 171 Tex.Crim. 298, 299, 349 S.W.2d 598, 599 (1961) (trial court did not err in refusing to hear evidence on amended motion for new trial where original motion already overruled by operation of law); Morgan v. State, 378 S.W.2d 321, 322 (Tex.Crim.App.1964) (amended motion for

### The 1981 Amendment & Dugard/Drew

In 1981 the Legislature amended Article 40.05.[28] Under this last amendment to the statute, the time for filing an original motion for new trial was extended from ten to thirty days. Removed was the requirement that the defendant must obtain leave to amend the original motion; he was expressly permitted to file his amendment "without leave of court," so long as he did so within the thirty day period for filing the original motion. The period for ruling on the motion or amended motion was expanded from twenty to seventy-five days. The statute for the first time ex-

pressly provided that, once the seventy-five days had passed, if the trial court had not already ruled upon it, the motion would be deemed overruled by operation of law.[29] Though the time in which the defendant must present his original or amended motion remained ten days, the trial court was now expressly granted discretion to expand that time period so long as it still ruled within the seventy-five day period. Should the deadlines imposed happen to fall beyond the term of court in which the sentence was imposed or suspended in open court, the trial court retained jurisdiction to rule, either in vaca-

new trial overruled by operation of law); *St. Jules v. State,* 438 S.W.2d 568, 570 (Tex.Crim. App.1969) (motion for new trial, even if timely filed, was overruled by operation of law when trial court failed to rule within twenty days); *Jones v. State,* 501 S.W.2d 677, 679 (Tex.Crim.App.1973) (trial court erred to conduct hearing on "second" motion for new trial after first motion overruled by operation of law, and "we need not and will not consider the record made on the untimely motion"); *Boykin v. State,* 516 S.W.2d 946, 947 (Tex. Crim.App.1974) (timely filed motion for new trial overruled by operation of law, and hearing thereon was "unauthorized"); *Resendez v. State,* 523 S.W.2d 700, 704 (Tex.Crim.App. 1975) (same); *Clopton v. State,* 563 S.W.2d 930, 932 (Tex.Crim.App.1978) (trial court "was without authority" to grant extension of time to file amended motion for new trial when original motion already overruled by operation of law).

**28.** *See* Acts 1981, 67th Leg., ch. 291, p. 803, § 107, eff. Sept. 1, 1981. As amended, Article 40.05 read:

**Art. 40.05. Time to apply for new trial; amendment**

(a) A motion for new trial, if filed, shall be filed prior to or within 30 days after the date the sentence is imposed or suspended in open court.

(b) One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial filed by the movant is overruled and within 30 days after the date the sentence is imposed or suspended in open court.

(c) In the event an original or amended motion for new trial is not determined by written order signed within 75 days after the date the sentence is imposed or suspended in open court, it shall be considered overruled by operation of law on expiration of that period.

(d) It shall be the duty of the proponent of an original or amended motion for new trial to present the same to the court within 10 days after the same is filed. However, at the discretion of the judge, an original or amended motion for new trial may be presented or hearing thereon completed after such 10–day period. Such delayed hearing shall not operate to extend the 75–day time limit within which the original or amended motion must be determined.

(e) Within the time limits prescribed in this article, a motion for new trial may be filed after the expiration of the term at which the date the sentence was imposed or suspended in open court, either during a new term of court or during vacation, and a motion for new trial may be determined in vacation or at a new term of court, and need not be determined during the term at which filed.

**29.** Between 1965 and 1981, the Legislature imposed a "duty" on a trial court to consider *sua sponte* whether to grant a new trial between the time the appellate briefs were filed and the time the clerk transmitted the briefs and the appellate record to this Court. This duty was expressly repealed in 1981, as part of the same piece of legislation that amended Article 40.05. *See* Acts 1981, 67th Leg., ch. 291, § 108, p. 804, eff. Sept. 1, 1981.

tion time or at the next term of court, so long as its ruling did not come after the seventy-five days had passed.

But what of an amended motion for new trial that is not filed until *after* the thirty-day period prescribed in the 1981 amendment to Article 40.05? For the first time, the statute did not expressly permit an extension of time to file either an original or an amended motion for new trial "for good cause shown." In the absence of that express grant of authority, was a trial court for the first time prohibited from granting relief on an original or amended motion for new trial filed outside the statutory filing period, even when the defendant 1) sought leave to file his motion late, 2) could show good cause, and 3) filed it within the term of court, or even in the next term of court in some cases? [30] We addressed this question for the first time in 1985, in *Dugard v. State*. [31]

In *Dugard* the defendant filed two timely motions for new trial. The one that had been filed by his trial counsel was properly verified, but the one filed by his new appellate attorney was not. Neither motion was timely presented within ten days, as required by Article 40.05(d). On the seventy-third day after sentence was imposed, appellate counsel filed a motion for a hearing on the unverified motion for new trial he had filed. For the first time he attached an affidavit supporting his grounds for new trial. We observed that "[i]f counsel intended this affidavit as an amendment of his motion for new trial, he was too late. Article 40.05(b), supra." [32] We explained:

> It is clear from reading § (b) of Article 40.05 and its immediate predecessor

that the Legislature meant that a motion for new trial may be filed and amended any number of times without leave of court so long as it was done within thirty days after sentence is imposed or suspended in open court. *See Atkinson v. State*, 164 Tex.Crim. 421, 299 S.W.2d 951 (Tex.Cr.App.1957), discussing amendment of motion for new trial with leave of court under Article 755, V.A.C.C.P., 1925, a forerunner of Article 40.05, V.A.C.C.P., 1965. *See* also 25 Tex. Jur.3rd, Criminal Law, § 3535, p. 452, 453.

> The statutory method set forth in Article 40.05, as amended in 1981, does not provide for any amendment of the motion for new trial after the said 30 days, even with leave of court. This represents an intentional change of the former statute and requir[es] the filing and all amending of a motion for new trial within the said 30 days and not thereafter. [33]

We went on to explain, in the alternative, that "[e]ven if it could be argued, contrary to the clear intent of Article 40.05, supra, that with leave of court the motion for new trial could have been amended after the 30 days provided in § (a), we note that leave of court was not requested or obtained in the instant case." [34] Because the original motion was not timely presented and the "amendment" (if that is what it was) was not timely filed, we held that the trial court correctly concluded it had nothing before it upon which to rule on the 73rd day.

We said nothing explicitly about the trial court's *jurisdiction* to rule on the late-filed

---

**30.** *See Bullock v. State, supra; Cowan v. State, supra; Bundick v. State, supra; Bankston v. State, supra; Alvarado v. State, supra; Hanks v. State, supra; Tyson v. State, supra; Atkinson v. State, supra.*

**31.** 688 S.W.2d 524 (Tex.Crim.App.1985).

**32.** *Id.* at 529.

**33.** *Id.* at 530.

**34.** *Id.*

amendment in *Dugard.* But two and a half years later, in *Drew,*[35] we did address the question whether the tardy filing of an *original* motion for new trial had a jurisdictional impact. Drew filed his original motion for new trial seventy-one days past the statutory time limit. We held that "the trial court lacked jurisdiction to entertain said motion."[36] We reasoned that, because the right to move for a new trial is a creature of statutory law, not common law, the trial court cannot act upon a motion for new trial that has not been "pursued in the manner prescribed by statute."[37] We essentially held that the trial court had jurisdiction to entertain a motion for new trial only within the limited dictates of the statutory scheme, and no authority, and therefore no jurisdiction, to act otherwise.[38] We have never expressly extended this holding to the context of tardy *amendments* to motions for new trial, however.

### The Rules of Appellate Procedure

In 1985 this Court was given rule-making authority in matters of procedure in post-trial, appellate, and discretionary review of criminal cases, "except that its rules may not abridge, enlarge, or modify the substantive right of a litigant."[39] Pursuant to that authority, effective September 1, 1986, we enacted Rule 31 of the Texas Rules of Appellate Procedure. Although it was recast somewhat, the substance of Rule 31 was essentially the same as former Article 40.05, as amended in 1981 and construed in *Dugard* and *Drew.* With respect to the time to amend a motion for new trial, Rule 31(a)(2) read:

> (2) *To Amend.* Before a motion or an amended motion for new trial is overruled it may be amended and filed without leave of court within 30 days after date sentence is imposed or suspended in open court.

At the time this language was enacted, we were presumably aware of our prior holding in *Dugard* that substantially similar language in Article 40.05 was intended by the Legislature to rule out the possibility of filing an amended motion for new trial, even *with* leave of court, beyond the thir-

---

**35.** 743 S.W.2d 207 (Tex.Crim.App.1987).

**36.** *Id.* at 223. *See also Beathard v. State,* 767 S.W.2d 423, 433 (Tex.Crim.App.1989).

**37.** *Id., quoting* 25 Tex.Jur.3rd, Criminal Law, § 3455, p. 312.

**38.** For this proposition we relied principally upon two cases, namely, *Dugard* (which, as we have noted, does not explicitly mention jurisdiction) and *Banks v. State,* 79 Tex.Crim. 508, 186 S.W. 840 (1916). In *Banks,* the defendant in a misdemeanor case filed a motion for new trial after the two-day time period then provided by the statute. By that time, however, the statute had not been amended to expressly permit the trial court to extend the period for granting such motions "for good cause shown" to misdemeanor as well as felony cases. When Banks later tried to file an amended motion, the trial court struck it. On appeal we held this was not error because the original motion for new

trial had not been timely filed, and the statute did not permit the late filing of motions for new trial in misdemeanors. We said nothing about the jurisdiction of the trial court, *per se.* We did go on to observe, however, that "[h]ad an original motion for new trial been filed within the two days allowed by law, the court could permit it to be amended at a later day." *Id.,* 79 Tex.Crim. at 510, 186 S.W. at 841. The statute at that time did not speak to the filing of an amendment at all, yet we did not question the trial court's jurisdiction or authority to allow it once a timely original motion had been filed. It is therefore difficult to understand how *Banks* can be read to stand for the proposition that trial courts lack jurisdiction to do anything not expressly authorized by the statute.

**39.** *See* Acts 1985, 69th Leg., ch. 685, p. 2472, § 1, eff. Aug. 26, 1985.

ty-day time limit. We essentially ratified that holding when we enacted Rule 31(a)(2). It is not so clear, however, that we also ratified the holding in *Drew*, namely, that the thirty-day limit (for original motions, but also, arguably, for amendments) is *jurisdictional*, since *Drew* was not decided until over a year after we enacted Rule 31.

The Rules of Appellate Procedure were extensively revised and renumbered in 1997. Effective September 1, 1997, Rule 31(a)(2) was amended and renumbered as Rule 21.4(b). That provision, which was in effect at the time of the appellee's trial, reads:

> (b) *To Amend.* Within 30 days after the date when the trial court imposes or suspends sentence in open court but before the courts overrules any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial.

Although the language has again been changed, essentially incorporating an active rather than a passive verb construction (i.e., from a motion or amended motion "may be amended" within thirty days without leave of court, in Rule 31(a)(2), to "a defendant may, without leave of court," file one or more amendments within the prescribed time, in Rule 21.4(b)), we do not think the substantive meaning is any different.

### Does Rule 21.4(b) Prohibit Late–Filed Amendments?

The appellee argues that when we enclosed the clause, "without leave of court," in commas in Rule 21.4(b), we intended thereby to abandon the *Dugard* interpretation of Article 40.05 that we ratified in Rule 31(a)(2). We fail to see how placing that clause in commas in the present version of the rule changes the meaning in this way, and the appellee does not explain

how it does. It would be plausible, interpreting the rule on a clean slate, to hold that it *implicitly* recognizes that a trial court may·entertain an amended motion for new trial filed past the thirty-day deadline, as long as the defendant first *does* seek leave of court. But we do not think, given the history of the rule and our construction of its latest incarnation in *Dugard*, that this interpretation is the preferred one. Indeed, we would essentially have to overrule *Dugard* in order to embrace the appellee's argument. This we decline to do. Had we meant to reinstate the discretion trial courts once had to entertain an out-of-time original or amended motion for new trial (and assuming that doing so would not "abridge, enlarge, or modify the substantive right of a litigant[,]" a question we need not resolve given our disposition today), we could easily have reinserted express language authorizing such late filings "for good cause shown," or the functional equivalent. We will not now read that discretion back into the rule by implication.

### JURISDICTIONAL RULES V. "CLAIM PROCESSING RULES"

The question remains whether Rule 21.4(b)'s requirement that an amended motion for new trial be filed within thirty days of the date sentence is imposed or suspended in open court is jurisdictional. In *Drew*, we held that the late filing of an *original* motion for new trial deprived the trial court of jurisdiction under former Article 40.05(b). We note that the filing deadline for an original motion for new trial is not the only aspect of motion for new trial practice that this Court has described as affecting the trial court's "jurisdiction." For example, we have held that "once a motion for new trial is overruled by operation of law, the trial court loses

jurisdiction to rule upon it." [40] Additionally, while we did not speak explicitly in terms of the trial court's "jurisdiction," in other cases we have held that a trial court lacks "authority" and "power" to grant a new trial on its own motion, in the absence of *any* motion, timely or late, from the defendant.[41]

The appellee argues that, like the Supreme Court in *Eberhart,* we should regard Rule 21.4(b) as a "claim-processing" rule, rather than a rule with jurisdictional implications. In *Eberhart,* the Supreme Court expressly declined to attach the "jurisdiction" label to Federal Rule of Criminal Procedure 33(a), which requires the filing of a motion for new trial within seven days of a verdict or finding of guilty, unless the trial court should enlarge the time for filing within that same seven-day period. The Seventh Circuit had construed that requirement to be "jurisdictional," allowing the Government to complain about the untimely nature of the petitioner's motion for new trial for the first time on appeal. The Supreme Court declared that the jurisdictional label should be reserved "for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." [42] Finding that Rule 33(a) was not a rule that affected the "jurisdiction" of the court in either of these senses, the Supreme Court concluded that the deadline it prescribed did not limit the trial court's jurisdiction, but only interposed a mandatory rule of procedure the Government was entitled to insist upon, but which it could forfeit by failing to timely object.[43]

The Supreme Court in *Eberhart* essentially posited a binary world. According to that world, a rule is either jurisdictional, and therefore subject to being invoked for the first time on appeal, even if not preserved at the trial level, or *not* jurisdictional, in which case it must be raised in the trial court or else it is procedurally defaulted. The law of procedural default in Texas is not quite as simple. In *Marin v. State,* we essentially divided the universe of rules into *three* categories: "(1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of the litigants which are to be implemented upon request." [44] We went on to explain:

> "Forfeit" and "procedural default" are synonymous; both refer to the loss of a claim or right for failure to insist upon it by objection, request, motion, or some other behavior calculated to exercise the right in a manner comprehensible to the system's impartial representative, usually a trial judge. *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Crim.App.1977). Rights which are waivable only, as well as absolute systemic requirements and prohibitions, cannot be made subject to

---

40. *State v. Garza,* 931 S.W.2d 560, 562 (Tex. Crim.App.1996), *citing State ex rel. Cobb v. Godfrey,* 739 S.W.2d 47, 49 (Tex.Crim.App. 1987).

41. *Zaragosa v. State,* 588 S.W.2d 322, 326–27 (Tex.Crim.App.1979); *Ex parte Ybarra,* 629 S.W.2d 943, 945 (Tex.Crim.App.1982).

42. 546 U.S. at ——, 126 S.Ct. 403, at 405, *quoting Kontrick v. Ryan,* 540 U.S. 443, at 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004).

43. *Id.,* 126 S.Ct. at 406–07 ("claim-processing" rules such as Rule 33(a) "assure relief to a party properly raising them, but do not compel the same result if the party forfeits them").

44. 851 S.W.2d 275, 279 (Tex.Crim.App.1993).

rules of procedural default because, by definition, they are not forfeitable.[45]

In describing the first category above, we observed that the "clearest case" of an absolute prohibition or requirement would be a law "affecting the jurisdiction of the courts." [46] But we also observed that "[o]ther such requirements and prohibitions, not always jurisdictional, are common in the system." [47] We explained that such requirements and prohibitions:

> can't be lawfully avoided even with partisan consent. Accordingly, any party entitled to appeal is authorized to complain that an absolute requirement or prohibition was violated, and the merits

of his complaint on appeal are not affected by the existence of a waiver or forfeiture at trial.

It is within the context of this scheme that we must evaluate the appellee's contention.[48]

We hold that Rule 21.4(b)'s limitation on filing an amendment to a timely filed original motion for new trial affects neither the jurisdiction nor the authority of the trial court. Under current law, the subject-matter jurisdiction of the trial court over the case and the defendant extends, should the defendant timely file a sufficient notice of appeal, to the point in time at which the record is filed in the appellate court.[49]

---

45. *Id.*

46. *Id.*

47. *Id.* Like the Supreme Court, this Court has observed on occasion that "[s]trictly speaking, ... jurisdiction encompasses only the power of the tribunal over the subject matter and the person." *Davis v. State*, 956 S.W.2d 555, 558 (Tex.Crim.App.1997). Quoting Judge Meyers's concurring opinion in *Stine v. State*, 908 S.W.2d 429, at 434 (Tex.Crim.App.1995), we noted:

> Although the word "jurisdiction" has a broad meaning in common parlance, and is often used as a synonym for "authority" even in legal writing, it is traditionally considered in the law to identify a much more specific kind of power. A court's jurisdiction is comprised generally of its authority to render a particular kind of judgment (such as an order of commitment or a judgment for money damages) in some kind of disputes (such as felony criminal prosecutions or personal injury lawsuits) between certain classes of persons (such as everyone present within the state or within a subdivision of the state). There are, of course, many other nonjurisdictional aspects of litigation in which the conduct of a court is controlled by law. Sometimes, when the court's conduct violates one of these laws, especially a law which seems "mandatory" on its face, it is common to say that the court did not have authority to act as it did. But it is a mistake to say that the court was without jurisdiction in the matter.

Even so, we explained in *Davis*, under some circumstances the lack of "authority" in a trial court, as distinguished from its "jurisdiction," can render its purported actions "void." 956 S.W.2d at 559. *See also Ex parte Seidel*, 39 S.W.3d 221, 224–25 (Tex.Crim.App.2001). In other words, as we acknowledged in *Marin*, not every "absolute requirement or prohibition" that can be invoked for the first time on appeal is necessarily "jurisdictional." And indeed, in his concurring opinion in *Stine*, Judge Meyers, who had also written for the majority in *Marin*, opined that the unauthorized action of the trial court in holding court in a hospital room away from the county seat, in violation of Article V, § 7 of the Texas Constitution, though nonjurisdictional, could nevertheless be raised by the defendant for the first time on appeal.

48. *Saldano v. State*, 70 S.W.3d 873, 888–89 (Tex.Crim.App.2002); *Aldrich v. State*, 104 S.W.3d 890, 895 (Tex.Crim.App.2003); *Sanchez v. State*, 120 S.W.3d 359, 366–67 (Tex.Crim.App.2003); *Mendez v. State*, 138 S.W.3d 334, 340–42 (Tex.Crim.App.2004).

49. Rule 25.2(g) of the Texas Rules of Appellate Procedure provides that "[o]nce the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate." This has been the law since the enactment of Article 44.11 of the 1965 Code of Criminal Proce-

Moreover, the trial court's authority to rule on a motion for new trial extends to the seventy-fifth day (so long as a timely original motion for new trial is filed on or before the thirtieth day) after sentence is imposed or suspended in open court. This is unlike the situation in *Drew*, in which the failure of the defendant to timely file his *original* motion for new trial deprived the trial court of the authority to grant a new trial at all, within the seventy-five days or otherwise. Moreover, it is also dissimilar to the situation in which a defendant files an amended motion for new trial after the seventy-five-day period after which the original motion for new trial has been overruled by operation of law, thus depriving the trial court of any authority to rule further on the matter. Because a trial court retains the authority to rule on a timely filed original motion for new trial within the seventy-five-day period, we hold that it also retains the authority to allow an amendment to that original motion within that same period, and to rule on that amendment, so long as the State does not object. Thus, the lateness of an amendment to a timely original motion for new trial affects neither the jurisdiction nor the authority of the trial court to rule. For this reason we do not regard the requirement of Rule 21.4(b) to be "absolute" on the *Marin* spectrum.

This holding is consistent with our decision in *Awadelkariem v. State.*[50] There we held that a trial court retains the authority, within the seventy-five days that it has to rule on a motion for new trial, to reconsider an order that granted rehearing and rescind it. Our holding today is also consistent with the spirit of our pronouncements throughout the history of the rule and its statutory antecedents that, at least once an original motion for new trial has been timely filed, the trial court retains jurisdiction (and, implicitly, authority) over its judgments for the duration of the term of court.[51] Of course, under our holding in *Awadelkariem*, the authority (if not the jurisdiction) of the trial court to act on a motion for new trial cannot extend beyond seventy-five days after the imposition or suspension of sentence in open court.[52] But we see no reason to construe Rule 21.4(b) to circumscribe a trial court's authority to entertain even a late-filed amended motion for new trial within that period, absent an objection from the State.

Is the State's right to prevent an untimely amendment one which must be affirmatively waived? Clearly, Rule 21.4(b) gives the State a peremptory right to prevent a trial court from entertaining a late-filed amendment to a motion for new trial. Nothing in the rule suggests that the State must affirmatively waive that right, however, before the trial court is deprived of its authority. We conclude that the State, as opponent of a tardy amendment to a motion for new trial, can forfeit its otherwise-peremptory right by inaction. Thus, the prohibition against late-filed amendments to motions for new trial constitutes a forfeitable right in the *Marin* scheme, subject

dure. Acts 1965, 59th Leg., ch. 722, § 1, p. 513, eff. Jan. 1, 1966. *See, e.g., Mercado v. State*, 718 S.W.2d 291, 296 (Tex.Crim.App. 1986) ("The trial court retained jurisdiction until the record on appeal reached the appellate court."). Prior to the 1965 Code, as we have already seen, other than to assemble the appellate record, the trial court lost jurisdiction when the notice of appeal was filed.

**50.** 974 S.W.2d 721 (Tex.Crim.App.1998).

**51.** *See Cowan v. State, supra; Bundick v. State, supra; Banks v. State, supra; Bankston v. State, supra; Alvarado v. State, supra; Hanks v. State, supra; Tyson v. State, supra; Atkinson v. State, supra.*

**52.** *See State v. Garza, supra; State ex rel. Cobb v. Godfrey, supra.*

to the requirement of Rule 33.1 (formerly Rule 52(a)) of the Texas Rules of Appellate Procedure that the opponent make a timely objection.[53]

In summary, we hold that Rule 21.4(b) neither circumscribes the trial court's subject matter jurisdiction, nor curtails its authority to rule on a timely original motion for new trial, even as untimely amended, within the seventy-five-day period within which the original motion must be ruled upon or else it is overruled by operation of law. Rule 21.4(b) *does* permit the State to insist within those seventy-five days that the trial court rule only upon the timely motion for new trial as originally filed or timely amended, but not as untimely amended. Should the trial court refuse to limit its ruling to the original motion and grant relief on the basis of the amendment over the State's objection, the appellate court should consider only the validity of the original and any timely amended motion for new trial, and should reverse any ruling granting a new trial based upon matters raised for the first time in an untimely amendment. Moreover, the record should be sufficient to demonstrate that the State was afforded a meaningful opportunity to object to the untimely amendment, or to any order purporting to grant it, within the seventy-five-day period. However, absent such an objection (and assuming an opportunity to object), ordinary principles of procedural default will apply, and the State will not be heard to complain for the first time outside of the seventy-five-day period of the untimely amendment.

## CONCLUSION

The State did not object to the untimeliness of the appellee's amended motion for new trial until filing its motion for reconsideration, after the seventy-five-day window within which the trial court has authority to revise its ruling.[54] The appellee pointed out to the trial court that it was by that time without authority to change its ruling, and the trial court did not err in refusing to do so. The judgment of the court of appeals is therefore reversed, and the cause is remanded to that court to consider the State's arguments that the trial court erred on the merits in granting the appellee's amended motion for new trial.

KELLER, P.J., filed a concurring opinion in which HERVEY, J., joined.

KELLER, P.J., filed a concurring opinion in which HERVEY, J., joined.

The Court advances the curious proposition that a trial court lacks authority to consider an untimely amended motion for new trial *if the State objects.* The appellate rule does not say that the trial court's authority is contingent on the presence or absence of an objection. The rule simply provides that a motion for new trial may be amended within the thirty-day period. That means that the trial court has no authority to consider an untimely amendment, regardless of whether or not an objection to the amendment was made. The absence of an objection does not invest a court with authority; it simply means that the State forfeits any complaint about the matter.

---

**53.** Tex.R.App. P. Rule 33.1(a)(1) ("As a prerequisite to presenting a complaint for appellate review, the record must show that ... the complaint was made to the trial court by a timely request, objection, or motion. ...").

**54.** *See Awadelkariem v. State, supra,* at 728 ("We hold that an order granting or denying a motion for new trial may be freely rescinded so long as such actions occurs within the 75 days provided by the rules[.]").

In this case, the State did not object to the timeliness of the defendant's amended motion until after the elapse of the seventy-five day period for ruling upon motions for new trial. At that point, it was too late for the trial court to act upon the State's motion for reconsideration because the court had lost *jurisdiction* of the case.[1] In *Davis v. State*, we recognized that we had sometimes in the past conflated "authority" with "jurisdiction," and we sought to clarify and distinguish those concepts.[2] The Court's opinion relies upon those past cases and again conflates the two concepts.

With these comments, I concur in the Court's judgment.

---

1. *See Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex.Crim.App.1998)("after the 75 day period expires, an order granting or denying a new trial becomes 'final' "). Saying that the trial court's disposition of the new trial motion became "final" is tantamount to saying the trial court lost jurisdiction of the matter. *State v. Patrick*, 86 S.W.3d 592, 596 (Tex.Crim.App.2002)(discussing *Awadelkariem* ).

2. 956 S.W.2d 555, 558–559 (Tex.Crim.App. 1997).