

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. 1454-07

ARSENIO CARLOS CLARKE, Appellant

v.

THE STATE OF TEXAS

ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FOURTEENTH COURT OF APPEALS
HARRIS COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.**

DISSENTING OPINION

The Court relies upon Rule 33.1, Tex. R. App. P., to hold that if an argument is presented to the trial judge in time for him to rule on it, "That is all that is required."[1]  But that is not all that is required when we are talking about motions for new trial.  Rule 21.4 has

---

[1]  Slip op. at 12.

specific requirements regarding the time of and necessity for filing motions for new trial and amended motions for new trial. Appellant failed to meet these requirements, and the trial court was therefore not required to address a claim that was not raised in the original motion for new trial.

The Court acknowledges appellant's failure to raise a *Brady/Giglio* claim in his original motion for new trial,[2] but excuses that failure by saying the he did not become aware of it until after his motion for new trial was filed. But unfortunately for appellant, even "good cause" can't save him here. The Rules of Appellate Procedure prohibit a defendant from amending a motion for new trial later than thirty days after imposition of sentence.[3] Appellant's attempt to add a claim orally at the hearing cannot be countenanced any more than if he had attempted to add a new claim in writing. Appellant had no authority to amend his motion.

Just as with any claim that a defendant discovers outside the time limits for a motion for new trial, this claim may be raised in a post-conviction writ application. It is probably worth noting, though, that the trial court heard appellant's claim at the hearing on the motion for new trial, and denied the motion anyway. If the trial judge had thought that appellant's

---

[2] Slip op. at 11.

[3] *State v. Moore*, 225 S.W.3d 556 (Tex. Crim. App. 2007).

evidence was significant, all he had to do was grant the motion and resentence him.[4]

I respectfully dissent.

Publish
Filed: September 24, 2008

---

[4] The trial court had authority to grant the orally-amended motion because the State failed to object. *Id*. at 570.