# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00104-CR

**Billy Moore, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
## NO. 679565, HONORABLE ELISABETH ASHLEA EARLE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In March 2005, a county court at law jury convicted appellant Billy Moore for driving while intoxicated. Moore's trial counsel timely filed both a motion for new trial and a notice of appeal. Counsel was then permitted to withdraw and a new attorney was appointed for the appeal.

Fifty-two days after sentence was imposed, Moore's new attorney filed an amended motion for new trial together with a motion for leave to amend. One week later, counsel filed a second amended motion for new trial and a second motion for leave to amend. The trial court granted the second motion for leave and following a hearing on June 3, 2005, granted the second amended motion for new trial. On June 17, the State filed its notice of appeal from the order granting Moore a new trial.

The clerk's records in Moore's appeal from the conviction and the State's appeal from the order granting a new trial were both filed in this Court on July 5, 2005. The Court did not notice

at that time that the two appeals arose from the same cause and were related. On July 13, 2005, unaware of the arguments the State would make regarding the validity of the new trial order, the Court dismissed Moore's appeal because his motion for new trial had been granted. *Moore v. State*, No. 03-05-00268-CR (Tex. App.—Austin July 13, 2005, no pet.) (mem. op., not designated for publication). Moore did not file a motion for rehearing or otherwise seek to draw the Court's attention to the pending State appeal. The dismissal became final and the Court's mandate issued.

The State's appeal remained on the Court's docket and was subsequently submitted for decision. In January 2006, the Court agreed with the State's contention that the trial court did not have the authority to grant Moore's untimely second amended motion for new trial and reversed the order. *State v. Moore*, No. 03-05-00395-CR (Tex. App.—Austin Jan. 19, 2006) (mem. op., not designated for publication). Moore successfully petitioned the court of criminal appeals for discretionary review. The court of criminal appeals held that the trial court had the authority to grant the untimely amended motion for new trial, reversed this Court's judgment, and remanded the cause to this Court to consider the merits of the State's appeal. *State v. Moore*, 225 S.W.3d 556, 570 (Tex. Crim. App. 2007). On remand, we concluded that the trial court abused its discretion by granting the amended motion for new trial. *State v. Moore*, 240 S.W.3d 326, 330 (Tex. App.—Austin 2007, pet. ref'd). Moore again petitioned for discretionary review, but that petition was refused. This Court's judgment reversing the order granting Moore a new trial is now final, and the mandate has issued.

In February 2006, eleven months after sentence was imposed by the trial court and more than six months after his original appeal to this Court was dismissed, Moore's counsel filed

2

with the county clerk a second notice of appeal. This new notice of appeal cited the Court's original judgment reversing the new trial order and stated that Moore still desired to appeal his conviction. The clerk prepared a new record and forwarded it to this Court, where it was filed under this cause number. In July 2006, we abated this appeal pending final disposition of the litigation regarding the propriety of the new trial order. After the court of criminal appeals refused Moore's petition for discretionary review of our 2007 opinion reversing that order, we returned this appeal to the active docket and asked the parties to submit letter briefs addressing the question of whether the appeal is properly before us given the dismissal of Moore's original appeal and the delay in filing the new notice of appeal.

Moore's counsel argues that the Court has jurisdiction in the present appeal because (1) the original notice of appeal that became our cause number 03-05-00268-CR was timely, and (2) the merits of Moore's challenge to his conviction have never been addressed. While it is certainly true that this Court has never considered the merits of any challenge Moore might make to his conviction, cause number 03-05-00268-CR was dismissed and that dismissal is final. The question before us is whether the Court has jurisdiction of the current appeal. That question is not answered by noting that Moore timely perfected his original, but now dismissed, appeal.

Moore's timely original appeal from his conviction for driving while intoxicated, this Court's cause number 03-05-00268-CR, should not have been dismissed before the State's challenge of the order granting Moore's motion for new trial was finally determined. However, no motion for rehearing was filed in cause number 03-05-00268-CR, and the dismissal has long since become final. Moore's February 2006 notice of appeal, the one that initiated this appeal, was filed eleven months

3

after sentence was imposed in open court and therefore was not timely. *See* Tex. R. App. P. 26.2(a). However much it might be warranted under the circumstances, the Court is not authorized to suspend the application of rule 26.2(a). *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996). We lack jurisdiction to dispose of this appeal in any manner other than by dismissing it for want of jurisdiction. *Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

Moore has plainly been denied a meaningful appeal of his conviction. At this point, however, he must obtain an out-of-time appeal by means of a post-conviction application for writ of habeas corpus. *See* Tex. Code Crim. Proc. Ann. art. 11.09 (West 2005).

The appeal is dismissed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed: May 16, 2008

Do Not Publish

4