In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-08-00323-CR


____________________



JACK WILLIE DOTSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 1A District Court


Jasper County, Texas


Trial Cause No. 10187 JD






 MEMORANDUM OPINION


 Jack Willie Dotson appeals his murder conviction. Dotson's complaints concern
whether the jury was sufficiently instructed on his claim of self-defense and whether the
prosecutor, during his opening statement, made an impermissible comment on Dotson's right
not to testify at trial. Dotson also asserts that a juror engaged in an ex parte conversation
with the trial judge. Finding no reversible error, we affirm.

Background

 Jack Willie Dotson and James McClelland were friends. In December of 2005,
Dotson and McClelland were riding around in McClelland's truck. As was his custom during
the hunting season, McClelland carried a loaded rifle placed between the driver's and
passenger's seats with the barrel pointing up.

 Dotson testified that on the day McClelland died, he and McClelland had been
drinking. Dotson also testified that McClelland often became angry with him, and on the day
of McClelland's death, McClelland cursed and belittled him. According to Dotson, during
their exchange, McClelland threatened him and reached for the rifle; instead, Dotson got the
rifle and shot McClelland in the head. After exiting the truck, Dotson shot McClelland a
second time in the chest and then left with the rifle.

 The police arrested Dotson later that day. Dotson gave the police a recorded
statement. (1) Following a jury trial, Dotson was convicted of McClelland's murder and the
jury recommended that he receive a life sentence. Subsequently, the trial court sentenced
Dotson to life in prison. In three issues, Dotson appeals.

Self-Defense Instruction


 In his first issue, Dotson asserts that the trial court's instructions on self-defense 
failed to "clearly instruct the jury that they must determine whether [Dotson's] actions were
justified under the circumstances from [Dotson's] point of view at the time he acted." In our
opinion, the manner in which the trial court chose to instruct the jury on Dotson's claim of
self-defense did not deprive him of a fair trial. 

 The trial court instructed the jury that it could "consider all relevant facts and
circumstances surrounding the killing," and "the previous relationship existing between"
Dotson and McClelland, "together with all relevant facts and circumstances going to show
the condition of the mind of [Dotson] at the time of the offense[.]" The self-defense
instruction followed this preliminary instruction, and it provided:

 You are instructed that a person is justified in using deadly force against
another if:


 (1) that person would be justified in using force against another;

 (2) if a reasonable person in the actor's situation would not have
retreated; and

 (3) when and to the degree he reasonably believes the deadly
force is immediately necessary:

 (a) to protect himself against the other's use or
attempted use of unlawful deadly force; or

 (b) to prevent the other's imminent commission of
aggravated kidnapping, murder, sexual assault,
aggravated sexual assault, robbery, or aggravated
robbery.


 You are instructed that a person is justified in using force against another when
and to the degree he reasonably believes the force is immediately necessary to
protect himself against the other's use or attempted use of unlawful force. The
use of force against another is not justified in response to verbal provocation
alone.


The trial court's charge defined "[r]easonable belief" as "a belief that would be held by an
ordinary and prudent man in the same circumstances as the actor." The application
paragraph of the charge also provided as follows:

 You are instructed that if you find that the Defendant was justified in using
deadly force or if you have a reasonable doubt as to whether or not the
Defendant was acting in self-defense on said occasion and under the
circumstances, you must acquit the Defendant and find him not guilty.


Neither the State nor Dotson made any objections to the charge. While Dotson argues on
appeal that additional instructions on self-defense were "essential" to a fair trial, Dotson did
not request additional instructions on self-defense at the time of trial.

 We review claims of jury charge error under a two-pronged test. See Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985); see also Barrios v. State, 283 S.W.3d
348, 350 (Tex. Crim. App. 2009). First, we determine whether error exists. Ngo v. State,
175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error exits, we then evaluate the harm
caused by the error. Id. The degree of harm required for reversal depends on whether the
appellant preserved the error in the trial court. Id. When error is not preserved by a timely
objection in the trial court, as Dotson acknowledges occurred in this case, an unobjected-to
charge requires reversal only if it resulted in "egregious harm." Id. at 743-44; Almanza, 686
S.W.2d at 171.

 "Harm is egregious if it deprives the appellant of a 'fair and impartial trial.'" Neal v.
State, 256 S.W.3d 264, 278 (Tex. Crim. App. 2008), cert. denied, 129 S.Ct. 1037, 173
L.Ed.2d 471, 77 U.S.L.W. 3431 (2009) (footnote omitted); see also Almanza, 686 S.W.2d
at 171. In Valentine v. State, the Texas Court of Criminal Appeals held that a defendant's
claim of self-defense, which arose from his belief that he was in "apparent danger," was
properly presented to the jury when the charge instructed that the defendant's conduct would
be justified if he reasonably believed that the deceased was using or attempted to use
unlawful deadly force against the defendant at the time of the offense and the charge
correctly defined the term "reasonable belief." 587 S.W.2d 399, 401 (Tex. Crim. App.
1979); see also Bundy v. State, 280 S.W.3d 425, 429-30 (Tex. App.-Fort Worth 2009, pet.
ref'd); Lowe v. State, 211 S.W.3d 821, 824-25 (Tex. App.-Texarkana 2006, pet. ref'd). 
Here, as in Valentine, the trial court's charge contains the standards and definitions relating
to self-defense, deadly force, and reasonable belief, as defined by the Penal Code. See Tex.
Pen. Code Ann. §§ 1.07(a)(42), 9.31, 9.32 (Vernon Supp. 2009); Valentine, 587 S.W.2d at
401. The charge, as submitted, preserved Dotson's right to have the jury consider his claim
of self-defense. Because there was no error with respect to the trial court's instruction on
Dotson's claim of self-defense, we overrule Dotson's first issue. See Ngo, 175 S.W.3d at
743.

Denial of Dotson's Motion for Mistrial

 Based on the prosecutor's opening statement, in issue two, Dotson complains that the
trial court erred in denying his motion for mistrial. Specifically, Dotson asserts that the
prosecutor impermissibly commented on Dotson's decision not to testify and that the
prosecutor's comment caused the jury to refuse to consider Dotson's claim of self-defense. 
 At an early stage during his opening statement, the prosecutor stated:

 As we talked about in voir dire, the law says all a person has got to do to give
an instruction of deadly force is to claim that they were acting in self-defense;
and that's the claim he's going to make. I know that when y'all listen to this
case as a whole, including the photographs . . . . And also [the] statement. 
Some might deem it a confession that Mr. Dotson made to the deputies out
there at the sheriff's office. That's recorded. I believe it was captured in a
way that actually allows me to play it for the jury, whether or not the defendant
testifies or not. I'll play it in this case because when everything is said and
done what you're going to find for a man who claims self-defense who in
order to pursue self-defense and deadly force is going to have to tell you just
how in fear he was of Mr. McClelland, that right then and there Mr.
McClelland was going to kill him and that he's going to tell you that that was
his reason --


At that point, Dotson's counsel interrupted, and in the bench conference that followed, he
objected to the prosecutor's statement, asserting that the prosecutor had commented on
Dotson's right not to testify. He then moved for a mistrial. Dotson's counsel also claimed
that the prosecutor was mistaken that Dotson was required to testify to receive a self-defense
instruction. The prosecutor responded by asserting that his comment was not directed at
whether Dotson was going to testify at trial; instead, the prosecutor stated that the comments
related to Dotson's admissible recorded statement and the fact that Dotson bore the burden
of proof with respect to his self-defense claim.

 The trial court denied Dotson's motion for mistrial but offered to re-instruct the jury
regarding a defendant's right not to testify. When the jury returned, the trial court again
instructed the jury that a defendant in Texas does not have to testify and instructed the jury
to refrain from making any inferences if the defendant chose not to testify.

 A defendant has a right not to testify at his trial under the Texas and United States
Constitutions, as well as Texas statutory law. U.S. Const. amend. V; Tex. Const. art. I,
§ 10; Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005). A prosecutor's comment
amounts to an impermissible comment on a defendant's failure to testify only if, when
viewed from a jury's standpoint, the comment is manifestly intended to be, or is of such
character that a typical jury would naturally and necessarily take it to be, a comment on the
defendant's failure to testify. Cruz v. State, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007);
Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001). "In applying this standard,
the context in which the comment was made must be analyzed to determine whether the
language used was of such character." Cruz, 225 S.W.3d at 548 (quoting Bustamante, 48
S.W.3d at 765). No particular words or phrases determine whether a jury argument is
impermissible. Cruz, 225 S.W.3d at 549. Rather, when evaluating the comments on a case-by-case basis, it is "the entirety of the prosecutor's statements, taken in the context in which
the words were used and heard by the jury." Id.

 We conclude that the prosecutor's comments during opening statement are not an
impermissible comment on Dotson's failure to testify at trial. The challenged comments
relate to Dotson's recorded statement made to police shortly after the shooting, and also, to
what Dotson was required to prove to receive a self-defense instruction. Moreover, the
prosecutor did not claim that Dotson was required to testify to assert a claim of self-defense. 
 The arguable error in this case is similar to the arguments that were raised in Cruz. 
In Cruz, the Court of Criminal Appeals addressed whether the prosecutor, during final
argument, had commented on the defendant's failure to testify. 225 S.W.3d at 549-50. After
examining the context of the prosecutor's argument, the Court of Criminal Appeals
concluded that "the prosecutor's statements to the jury referred to the appellant's own written
statement which had been admitted into evidence and were therefore not a comment on the
appellant's failure to testify." Id. Similarly, in this case, the context of the prosecutor's
statement reveals that it relates to Dotson's recorded statement.

 Additionally, we are not persuaded by Dotson's argument that the prosecutor's
comments led the jury to believe that Dotson had to testify to raise a claim of self-defense. 
We have previously noted that the jury was properly instructed on Dotson's self-defense
claim. Generally, we presume the jury followed the trial court's instructions. Resendiz v.
State, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003) (citing Colburn v. State, 966 S.W.2d
511, 520 (Tex. Crim. App. 1998)). Nothing in the record suggests that the jury disregarded
the trial court's instructions on Dotson's claim of self-defense. We conclude that the trial
court did not abuse its discretion by denying Dotson's motion for mistrial. See Archie v.
State, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007) (explaining abuse of discretion standard
in the context of an appellate review of a motion for mistrial). We overrule Dotson's second
issue.

Juror's Communication With Judge

 In his third issue, Dotson asserts that the trial court deprived him of a fair trial "by
failing to report an ex parte communication from a juror." (2) Specifically, Dotson contends
that he should receive a new trial because an unnamed female juror told the trial judge that
she had realized after the trial started that she knew one of the family members.

 In an affidavit given by the trial judge, which was later admitted into evidence at the
hearing on Dotson's motion for new trial, the judge acknowledged that one of the female
jurors had approached him and had stated that she "knew someone remotely connected to one
of the families involved." (3) The judge's affidavit further states that he inquired into the
impartiality of the juror. After doing so, he concluded that the juror's acquaintance with one
of the family members "did not raise any issue of [j]ury impropriety," and he left the juror
on the panel without mentioning the conversation to either party.

 Appellate courts generally review a trial court's ruling on a motion for new trial under
an abuse of discretion standard. Holden v. State, 201 S.W.3d 761, 763 (Tex. Crim. App.
2006); Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). 

 We do not substitute our judgment for that of the trial court, but rather we
decide whether the trial court's decision was arbitrary or unreasonable. We
must view the evidence in the light most favorable to the trial court's ruling
and presume that all reasonable factual findings that could have been made
against the losing party were made against that losing party. Thus, a trial court
abuses its discretion in denying a motion for new trial only when no reasonable
view of the record could support the trial court's ruling.

 

Charles, 146 S.W.3d at 208 (footnotes omitted). Dotson, as the movant, bore the burden of
proof at the hearing on his motion for new trial. See Patrick v. State, 906 S.W.2d 481, 498
(Tex. Crim. App. 1995).

 Dotson argues that all communication between the trial judge and the jury must be in
writing, in open court, and in the presence of the defendant, if possible; Dotson then
concludes that the conversation between the trial judge and the unnamed juror violated article
36.27 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 36.27
(Vernon 2006). Dotson adds that the juror's ex parte contact with the judge deprived him
of his fundamental right to a fair trial by an impartial jury under the United States and Texas
Constitutions. See U.S. Const. amends. V, XIV; Tex. Const. art. 1, § 10.

 Even if we assume that the communication violated article 36.27, an issue we
expressly do not reach, Dotson fails to demonstrate that he was prejudiced by the ex parte
contact based on the conversation that was proven to have occurred. See generally Alba v.
State, 905 S.W.2d 581, 587 (Tex. Crim. App. 1995) (holding that presumption of harm
arising from a conversation between a juror and an unauthorized person is rebuttable); see
also Johnson v. State, 169 S.W.3d 223, 235-36 (Tex. Crim. App. 2005) (providing laundry
list of structural errors, which does not include a complaint about a juror's ex parte contact
with trial judge involving the juror's ability to be impartial). The only evidence concerning
the juror's conversation with the judge consists of the trial judge's affidavit. The judge's
affidavit reflects that when questioned, the juror told the trial judge that her knowledge of
the family member would not affect her ability to be fair and impartial. The record simply
does not reflect that the trial court left a partial juror on the panel. 

 Based on an abuse of discretion standard, we hold the trial court did not err in denying
Dotson's motion for new trial. See Charles, 146 S.W.3d at 208. We overrule Dotson's third
issue and affirm the trial court's judgment.

 AFFIRMED.

 _________________________________

 HOLLIS HORTON

 Justice



Submitted on August 6, 2009

Opinion Delivered December 30, 2009

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. The record on appeal contains the transcript of the recorded statement; the actual
recording was admitted into evidence at trial without objection. 
2. The State argues that Dotson's complaint regarding the unnamed juror's
communication with the trial judge is not properly before this Court because it was not
specifically raised in his earlier original motion for new trial or in his supplemental motion
for new trial, and asserts that raising it at the hearing on his motion for new trial makes it
untimely. As long as a trial court retains authority to rule on a timely filed original motion
for new trial, the court may allow amendments to that motion and rule on that amendment
if the State does not object. State v. Moore, 225 S.W.3d 556, 569 (Tex. Crim. App. 2007). 
Dotson timely filed both his original motion for new trial as well as his supplemental motion. 
See Tex. R. App. P. 21.4. While it is arguable that Dotson's supplemental motion addressed
the ex parte communication even though Dotson mistakenly named another juror as the
person who had approached the trial judge, the State stipulated to the evidence on the issue
and did not object to its admissibility at the hearing on the motion for new trial. Thus, even
if we were to determine that the issue was not raised in Dotson's supplemental motion for
new trial, evidence concerning the ex parte contact by the unknown juror with the trial court
was admitted during the hearing without objection. Therefore, the trial court had the right to
consider whether to grant a new trial based on the contact that occurred between the unnamed
juror and the trial judge. See Moore, 225 S.W.3d at 569. Because it appears that the trial
court considered it, Dotson's third issue is also properly before this court.
3. The trial judge could not recall the name of the female juror who approached him
with this information or whether the juror had specified whether her acquaintance was with
a member of the deceased's family or Dotson's family.