NO. 07-11-0113-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 17, 2012

BRYAN KEITH JERRELL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 22,177-A; HONORABLE DAN L. SCHAAP, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Bryan Keith Jerrell was convicted of failing to register as a sex offender and sentenced to 180 days in a state jail facility. He argues that 1) his punishment is cruel and unusual because he is mentally retarded, and 2) there is no evidence to support an order to pay attorney's fees. We modify the judgment and, as modified, affirm it.

*Cruel and Unusual Punishment*

In his first issue, appellant contends that sentencing him to incarceration in an adult prison when he functions at the level of a seven-year-old constitutes cruel and unusual punishment. Appellant did not raise this issue to the trial court until he filed a "Supplement to Motion for New Trial" more than thirty days after sentencing.[1] The State objected to this document as constituting an amended motion for new trial which was untimely.

An amended motion for new trial may be filed without leave of court within thirty days after the date sentence is imposed in open court but before the court overrules any preceding motion for new trial. TEX. R. APP. P. 21.4(b). If the State objects to the late-filed amended motion, the court may only consider the matters raised in the original motion for new trial. *State v. Moore,* 225 S.W.3d 556, 570 (Tex. Crim. App. 2007). Because the State objected to the late-filed motion, the trial court did not err in refusing to consider the issue now raised on appeal, and the issue was waived by not having been raised earlier. *Ham v. State,* No. 07-09-00331-CR, 2011 Tex. App. LEXIS 8572, at *15 (Tex. App.–Amarillo October 27, 2011, no pet.) (contention that punishment is cruel and unusual is waived if not raised to the trial court).

*Imposition of Attorney's Fees as Costs*

In his other issue, appellant claims the trial court erred in ordering him to pay costs which included attorney's fees because there is no evidence that he is capable of paying them. Appellant was ordered to pay costs in the judgment, and the clerk's bill of

---

[1]Appellant was sentenced on February 22, 2011, and his motion for new trial was filed on March 15, 2011. The "supplement" was not filed until May 24, 2011 which was the day of the hearing on the motion for new trial.

costs included $3,080 in attorney's fees. The record shows that appellant had appointed counsel for trial and that, for purposes of obtaining counsel on appeal, he indicated he had no employer and no funds with which to hire an attorney. When the record does not show that the defendant is financially capable of paying attorney's fees, the trial court errs in ordering reimbursement in the judgment. *See Mayer v. State,* 309 S.W.3d 552, 556-57 (Tex. Crim. App. 2010).

Accordingly, we modify the judgment to delete any obligation to pay attorney's fees in the amount of $3,080 and, as modified, affirm it.

Brian Quinn
Chief Justice

Do not publish.