IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1454-07






ARSENIO CARLOS CLARKE, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Keller, P.J., filed a dissenting opinion in which Keasler and Hervey, JJ.,
joined.


DISSENTING OPINION



 The Court relies upon Rule 33.1, Tex. R. App. P., to hold that if an argument is
presented to the trial judge in time for him to rule on it, "That is all that is required." (1) But
that is not all that is required when we are talking about motions for new trial. Rule 21.4 has
specific requirements regarding the time of and necessity for filing motions for new trial and
amended motions for new trial. Appellant failed to meet these requirements, and the trial
court was therefore not required to address a claim that was not raised in the original motion
for new trial.

 The Court acknowledges appellant's failure to raise a Brady/Giglio claim in his
original motion for new trial, (2) but excuses that failure by saying the he did not become aware
of it until after his motion for new trial was filed. But unfortunately for appellant, even
"good cause" can't save him here. The Rules of Appellate Procedure prohibit a defendant
from amending a motion for new trial later than thirty days after imposition of sentence. (3) 
Appellant's attempt to add a claim orally at the hearing cannot be countenanced any more
than if he had attempted to add a new claim in writing. Appellant had no authority to amend
his motion.

 Just as with any claim that a defendant discovers outside the time limits for a motion
for new trial, this claim may be raised in a post-conviction writ application. It is probably
worth noting, though, that the trial court heard appellant's claim at the hearing on the motion
for new trial, and denied the motion anyway. If the trial judge had thought that appellant's
evidence was significant, all he had to do was grant the motion and resentence him. (4)

 I respectfully dissent.

Publish

Filed: September 24, 2008


 



 
1. Slip op. at 12.
2. Slip op. at 11. 
3. State v. Moore, 225 S.W.3d 556 (Tex. Crim. App. 2007).
4. The trial court had authority to grant the orally-amended motion because the State
failed to object. Id. at 570.