**Motion for Leave Denied as Moot; Agreed Motion to File Records Under Seal Granted; Petition for Writ of Mandamus Denied, and Memorandum Opinion filed November 9, 2012**.



In The

# Fourteenth Court of Appeals

## NO. 14-12-00936-CR

### IN RE DAVID MARK TEMPLE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1008763**

---

### MEMORANDUM OPINION

Relator David Mark Temple filed a petition for writ of mandamus in this court.[1] *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable David Mendoza, presiding judge of the 178th District Court of Harris County, to conduct a hearing on relator's out-of-time motion for new trial or alternative application for writ of habeas corpus.

---

[1] Relator also filed a motion for leave to file his petition for writ of mandamus. Texas Rule of Appellate Procedure 71.2, which requires a motion for leave to file a petition for writ of mandamus, applies only to petitions filed at the Texas Court of Criminal Appeals. A motion for leave is not required in an intermediate appellate court. *See* Tex. R. App. P. 52. Accordingly, we deny the motion for leave as moot.

A jury convicted relator of the murder of his wife, and he was sentenced to life in prison in 2007. This court affirmed relator's conviction, and the Texas Court of Criminal Appeals granted his petition for discretionary review. *See Temple v. State,* 342 S.W.3d 572 (Tex. App.—Houston [14th Dist.] 2010, pet. granted Jan. 11, 2012). His direct appeal remains pending at the Texas Court of Criminal Appeals. *See Temple v. State,* No. PD-0888-11 (Tex. Crim. App.) (argued June 20, 2012).

On September 20, 2012, relator filed in the trial court an out-of-time motion for new trial or alternative application for writ of habeas corpus. Relator raised three issues in the motion: (1) he is entitled to a new trial based on newly discovered evidence material to his defense that was discovered since his trial; (2) he was denied due process based on the State's willful and deliberate suppression of exculpatory material; and (3) he has established by clear and convincing evidence that he is actually innocent of the murder of his wife, and that no rational jury would convict him in light of the newly discovered evidence, the suppressed exculpatory evidence, and the record at trial. *See generally Ex parte Elizondo,* 947 S.W.2d 202, 205 (Tex. Crim. App. 1996) (holding that a claim of actual innocence is cognizable in a post-conviction habeas proceeding, concluding that incarceration of an innocent person violates the Due Process Clause of the Fourteenth Amendment).

On October 1, 2012, the trial court dismissed relator's motion without prejudice and refused to issue a writ pursuant to relator's alternative habeas application, stating that the court lacked jurisdiction to hear the motion and alternative writ application.[2] Relator asserts in this proceeding that the trial court has jurisdiction to hear his motion or alternative writ application. He argues that a remedy must be available for situations such as his where new material evidence is discovered while a direct appeal is pending, asserting that an innocent man should not have to wait in prison until his appeal is final, particularly when the State has unclean hands.

---

[2] The trial court also ordered the attachments to the pleadings sealed. Relator filed an agreed motion asking this court to file these documents under seal because of an ongoing investigation by a Special Prosecutor and to protect the identity of a witness who recently came forward with new evidence. We grant the motion.

Relator asserts that his due process rights have been violated by the prosecutor's deliberate suppression of favorable evidence, and that newly discovered evidence of another person's guilt requires the granting of a new trial and consideration of relator's claim of actual innocence. A claimed deprivation of constitutional rights cannot confer jurisdiction upon a court where none exists anymore than parties can agree to confer jurisdiction upon a court. *Drew v. State*, 743 S.W.2d 207, 225 (Tex. Crim. App. 1987).

A defendant may file a motion for new trial before, but not later than thirty days after, the date sentence is imposed. Tex. R. App. P. 21.4(a). An appellate court may not extend the time period for filing a motion for new trial for "good cause" under Rule 2. *Oldham v. State,* 977 S.W.2d 354, 356 (Tex. Crim. App. 1998). Because the right to move for a new trial is a creature of statutory law, not common law, the trial court cannot act upon a motion for new trial that has not been "pursued in the manner prescribed by statute." *Drew,* 743 S.W.2d at 223 (holding trial court lacked jurisdiction to consider motion for new trial alleging newly discovered evidence filed seventy-one days after the filing deadline). When the statutory timetable is not followed, the trial court lacks jurisdiction to rule on the motion. *State v. Holloway,* 360 S.W.3d 480, 486 (Tex. Crim. App. 2012); *see also* Act eff, Sept. 1 1981, 67th Leg., ch. 291, § 108 (amending former Article 40.05 of the Texas Code of Criminal Procedure, enlarging the time to file a motion for new trial to thirty days, but removing the court's power to grant an extension of time to file the motion after the statutory deadline).

Generally, the trial court's jurisdiction over the case and the defendant extends to the time at which the record is filed in the appellate court. *See State v. Moore,* 225 S.W.3d 556, 568 (Tex. Crim. App. 2007); Tex. R. App. P. 25.2(g) ("[o]nce the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate."). Because that time period has long passed, relator must establish another basis for the trial court's jurisdiction to consider his claim of actual innocence.

Relator cites article 40.001 of the Texas Code of Criminal Procedure as the basis for the trial court's jurisdiction to hear his out-of-time motion for new trial. Relator asserts that article 40.001 "provides a remedy without a process." Article 40.001 simply provides: "A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." Tex. Code Crim. Proc. art. 40.001. The article does not address the timing of the request for a new trial or the procedure to follow.

Before the Texas Court of Criminal Appeals was granted rule-making authority,[3] the procedures governing motions for new trial were included in Chapter 40 of the Texas Code of Criminal Procedure. Chapter 40 was replaced by the enactment of the Texas Rules of Appellate Procedure in 1986, specifically former Rules 30-36. *See* Act eff. Sept. 1, 1986, 69th Leg., ch. 685, § 4 (repealing Articles 40.01 to 40.11). The provision for granting a new trial on newly discovered evidence, now found in Article 40.001 of the Texas Code of Criminal Procedure, had been enacted as Rule 30 in the 1986 Texas Rules of Appellate Procedure. *See Moore,* 225 S.W.3d at 565-66 (discussing the history of the procedural rules for motions for new trial). Rule 30 formerly provided in part that a new trial shall be granted "[w]here new evidence favorable to the accused has been discovered since trial[.]" The legislature disapproved of this provision, limiting the Court of Criminal Appeals' rule-making authority with regard to new trials based on newly discovered evidence, and enacted Article 40.001 of the Code of Criminal Procedure. *See* Act eff. Sept. 1, 1993, 73rd Leg., ch. 900 §§ 11.01, 11.02 (limiting trial court's ability to grant new trial on ground of new evidence to "material" evidence); *see also* Comment to Tex. R. App. P. 21 (governing new trials in criminal cases).[4]

Therefore, after considering the procedural history of Article 40.001, we reject relator's contention that Article 40.001 permits the filing of an out-of time motion for

---

[3] The legislature granted the Texas Court of Criminal Appeals rule-making authority in matters of procedure in post-trial, appellate, and discretionary review of criminal cases, "except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant." *See* Act eff. Aug. 26, 1985, 69th Leg., ch. 685, p. 2472, § 1.

[4] The Rules of Appellate Procedure were revised and renumbered effective September 1, 1997. Former Rules 30-36 are now merged into Rules 21-23 of the Texas Rules of Appellate Procedure.

new trial directly with the trial court. We conclude that Article 40.001 does not provide a jurisdictional basis for the trial court to consider relator's out-of-time motion for new trial.

We now consider whether the trial court has jurisdiction to hear relator's alternative application for writ of habeas corpus. Chapter 11 of the Texas Code of Criminal Procedure addresses habeas corpus proceedings. The jurisdiction of a court to consider an application for writ of habeas corpus is determined at the time the application is filed. *Kniatt v. State*, 206 S.W.3d 657, 663 (Tex. Crim. App. 2006). Relator acknowledges that he cannot presently proceed pursuant to Article 11.07 of the Texas Code of Criminal Procedure, which governs post-conviction applications for writ of habeas corpus, because his conviction is not final. *See* Tex. Code Crim. Proc. art. 11.07 (establishing the procedures for applications for writ of habeas corpus seeking relief from final felony convictions imposing penalty other than death).

Relator asserts that Articles 11.05, 11.08, and 11.10 provide a procedure for the trial court to consider his alternative writ application. Article 11.05 simply provides that the Texas Court of Criminal Appeals, district courts, county courts, and judges of those courts have the power to issue a writ of habeas corpus, and upon proper motion, the duty to grant the writ "under the rules prescribed by law." Tex. Code Crim. Proc. art. 11.05. Article 11.08 provides in relevant part: "If a person is confined after indictment on a charge of a felony, he may apply to the judge of the court in which he is indicted . . . ." Tex. Code Crim. Proc. art. 11.08. By referring to confinement after indictment, the language of this provision indicates it is addressing pre-conviction writs. *See generally Kniatt*, 206 S.W.3d at 659 (stating that "appellant filed a pre-conviction application for writ of habeas corpus, pursuant to Article 11.08 of the Texas Code of Criminal Procedure."). Article 11.10 addresses the procedure to issue the writ returnable at a specified place in the county of the offense. Tex. Code Crim. Proc. art. 11.10. None of these provisions address a court's jurisdiction to hear an application for writ of habeas corpus after conviction, but before the conviction is final.

In contrast, Section 5 of Article 11.07 states: "After conviction, the procedure outlined in this Act shall be *exclusive* and any other proceeding shall be void and of no force and effect in discharging the prisoner." (emphasis supplied). Because Article 11.07, governing post-conviction writs, expressly states that it provides the exclusive procedure to challenge a conviction, we reject relator's arguments that other provisions in Chapter 11 grant jurisdiction to the trial court to consider his alternative writ application.

For a writ of mandamus to issue in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S .W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The second prong of this test is satisfied if the relator shows that he has a clear right to the relief sought — that is, when the facts and circumstances dictate but one rational decision under unequivocal, well-settled, and clearly controlling legal principles. *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011).

Relator has not established that he has a clear right to the relief sought. Accordingly, we are compelled to deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Brown and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).